IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLA CALOBRISI,            )
                                       )
           Plaintiff,      )
                                       )
v.                             )    Case No. 1:13-cv-00952-CRC
                                       )
BOOZ ALLEN HAMILTON INC.,   )
                                       )
          Defendant.    )
                                       )

## DEFENDANT'S MOTION FOR SANCTIONS

Defendant Booz Allen Hamilton Inc. ("Booz Allen" or "Defendant"), by counsel, pursuant to 28 U.S.C. § 1927, hereby files this Motion for Sanctions. For the reasons set forth in the accompanying Memorandum of Support, which is incorporated herein by reference, Booz Allen moves this Court for an award of sanctions against Plaintiff and her counsel, requiring them to satisfy the excessive attorneys' fees that Defendant was forced to incur in responding to Plaintiff's and her counsel's repeated and conscious conduct in the face of a known risk that unreasonably and vexatiously multiplied the proceedings in this case.

BOOZ ALLEN HAMILTON INC.

By Counsel

1

/s/ Stephen W. Robinson
Stephen W. Robinson (D.C. Bar No. 282731)
Sarah A. Belger (D.C. Bar No. 986105)
Melissa L. Taylormoore (D.C. Bar No. 992636)
McGuireWoods LLP
1750 Tysons Blvd., Suite 1800
Tysons Corner, VA 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
srobinson@mcguirewoods.com
sbelger@mcguirewoods.com
mtaylormoore@mcguirewoods.com
*Counsel for Booz Allen Hamilton Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent an electronic notification of such filing to the all parties of record.  I further certify that a true copy of the filing was also served via electronic mail upon the following:

Bruce A. Fredrickson (D.C. Bar No. 933044)
Linda M. Correia (D.C. Bar No. 435027)
Cedar P. Carlton (D.C. Bar. No. 480255)
WEBSTER, FREDRICKSON, CORREIA & PUTH, PLLC
1775 K Street, Suite 600
Washington, D.C. 20006
(202) 659-8510
bfredrickson@wfcplaw.com
lcorreia@wfcplaw.com
ccarlton@wfcplaw.com
*Counsel for Plaintiff*

/s/ Stephen W. Robinson
Stephen W. Robinson (D.C. Bar No. 282731)
McGuireWoods LLP
1750 Tysons Blvd., Suite 1800
Tysons Corner, VA  22102
Telephone: 703-712-5469
Facsimile:  703-712-5258
srobinson@mcguirewoods.com
*Counsel for Defendant Booz Allen Hamilton Inc.*

59047558_1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLA CALOBRISI,                        )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )        Case No. 1:13-cv-00952-CRC
                                        )
BOOZ ALLEN HAMILTON INC.,               )
                                        )
          Defendant.                    )
                                        )

## DEFENDANT'S MEMORANDUM IN SUPPORT
## OF ITS MOTION FOR SANCTIONS

Defendant Booz Allen Hamilton Inc. ("Booz Allen" or "Defendant"), by counsel,
pursuant to 28 U.S.C. § 1927, submits this Memorandum in Support of its Motion for Sanctions,
and states as follows:[1]

## I.   INTRODUCTION

This Court's recent decision to grant Booz Allen's Motion to Dismiss marks the end of a
lengthy and costly diversion, initiated and relentlessly pursued by Plaintiff in a shameless
attempt to avail herself of jurisdiction in the District of Columbia, despite the fact that no basis
for such jurisdiction existed.   Plaintiff's purported basis for jurisdiction in the District of
Columbia was one meeting that she alleged upon "information and belief" occurred at the
Cosmos Club at an unspecified date in January 2011.  Plaintiff had no factual basis to make such

---

[1]       On July 23, 2014, the Court granted in part Booz Allen's Motion to Dismiss and Motion to Transfer,
resulting in the dismissal of all of Plaintiff's claims under the DC Human Rights Act and transferring the remaining
claims to the United States District Court for the Eastern District of Virginia. (Doc. No. 52.) By submitting its
Motion for Sanctions, Booz Allen is not abandoning its argument that this Court lacks jurisdiction over Plaintiff's
claims and its presence does not modify the Court's ruling. To the contrary, given that the Plaintiff's sanctionable
conduct occurred in this jurisdiction and that this Court retains jurisdiction until the case is physically transferred
and docketed in the Eastern District of Virginia, this is the proper Court to hear Booz Allen's Motion for
Sanctions. See Wilson-Cook Med., Inc. v. Wilson, 942 F.2d 247, 250 (4th Cir. 1991); Starnes v. McGuire, 512 F.2d
918, 935 (D.C. Cir. 1974).

an allegation when she filed her Complaint. Despite this fact, the Court generously granted Plaintiff discovery on jurisdiction, which conclusively established that no meeting occurred in the District of Columbia prior to her demotion. Inexplicably, Plaintiff's Counsel doggedly pursued a baseless allegation that jurisdiction was proper in the District of Columbia based solely on this nonexistent meeting, despite repeatedly being presented with facts to the contrary. As a result, Plaintiff extended "the proceedings in this case unreasonably and vexatiously" and took "deliberate action in the face of a known risk." Healey v. Labgold, 231 F. Supp. 2d 64, 68 (D.D.C. 2002) (citing United States v. Wallace, 964 F.2d 1214, 1919 (D.C. Cir. 1992)).

Literally, from the date this Complaint was filed in Superior Court on May 31, 2013, Booz Allen repeatedly put Plaintiff's counsel on notice about the lack of factual basis for Plaintiff's allegations regarding events allegedly occurring in the District of Columbia, which Plaintiff contended supplied the jurisdictional basis for initiating this case in the District of Columbia rather than in Virginia. Defendant's counsel first raised this issue immediately after service in an email to Plaintiff's counsel on June 11, 2013. In her response, Plaintiff's counsel assured Defendant's counsel that a factual basis existed for the claims in Plaintiff's complaint but refused to provide it other than to make the blanket statement that an unnamed individual told Plaintiff that such a meeting took place.

The documentary evidence and the deposition testimony, including Plaintiff's own admissions under oath, proved that no such factual basis ever existed. Indeed, her admissions proved that Plaintiff and her counsel knew at least by her deposition on February 6, 2014, and likely before then, that she had no good faith basis to continue to allege that this Court had jurisdiction. Plaintiff herself admitted in her deposition that she had absolutely no facts to support this contention and was instead relying on her unsubstantiated "belief" and nothing

2

more. Despite this knowledge, Plaintiff and her counsel inexplicably continued to waste this Court's and Booz Allen's time and resources by filing a frivolous Motion to Compel and Supplemental Opposition to Booz Allen's Motion to Dismiss and Motion to Transfer.

As the contemporaneous documents and the undisputed sworn testimony of <u>every</u> individual involved in the personnel decisions relating to Plaintiff confirm, the operative meetings, discussions and decision related to the allegations in Plaintiff's Complaint all took place in Booz Allen's McLean, Virginia office at a meeting held on January 20, 2011. As Booz Allen's counsel explained to Plaintiff's counsel starting more than one year ago, it was at this meeting that the decisions were made that impacted Plaintiff. Discovery confirmed the undisputed fact that <u>no meeting</u> occurred at the Cosmos Club in January 2011.

Plaintiff, who is a lawyer barred in the District of Columbia, and her counsel have continued to multiply these proceedings "unreasonably and vexatiously" by refusing to limit their jurisdictional discovery requests to comply with the scope this Court explicitly ordered, by filing a frivolous Motion to Compel, and, perhaps most egregiously, by refusing to revisit her position after it was refuted in discovery. Instead, Plaintiff opted to ignore the facts and fashion an argument that some unspecified adverse act relating to Plaintiff's employment occurred within the District of Columbia, even after Plaintiff's own deposition testimony proved otherwise. For these reasons, Booz Allen seeks an order from this Court pursuant to 28 U.S.C. § 1927 requiring Plaintiff and her counsel to satisfy personally the excess costs and attorneys' fees that Booz Allen has been forced to incur to respond repeatedly to Plaintiff's baseless argument that this Court had jurisdiction over her claims.

## II.   ARGUMENT

### A.   Standard of Review

Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  The purpose of § 1927 is to allow the Court "to assess attorney's fees against an attorney who frustrates the progress of judicial proceedings." Wallace, 964 F.2d at 1218.

The Court of Appeals has not conclusively ruled on whether the standard for unreasonable and vexatious conduct as set forth in Section 1927 is recklessness or the more exacting standard of bad faith.  See LaPrade v. Kidder Peabody & Co., Inc., 146 F.3d 899, 905 (D.C. Cir. 1998) ("This court has not yet established whether the standard for imposition of sanctions under 28 U.S.C. § 1927 should be 'recklessness' or the more stringent 'bad faith.'") (citations omitted).  Importantly, however, the Court of Appeals has stated that "the language of § 1927 suggests [that] deliberate misbehavior, subjective bad faith is not necessary" and that "attorneys have been held accountable [under § 1927] for decisions that reflect a reckless indifference to the merits of a claim." Reliance Ins. Co. v. Sweeney Corp., Maryland, 792 F.2d 1137, 1138 (D.C. Cir. 1986) (citation omitted).  Under either standard, the conduct of Plaintiff and her counsel warrants sanctions.

Accordingly, the Court of Appeals has held that for sanctions to be ordered under § 1927, the attorney's conduct must be at least reckless, meaning that there must be a "conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man" and that the

4

attorney in question acted recklessly or deliberately "in the face of a known risk." Wallace, 964

F.2d at 1220 (internal quotations and citations omitted).

**B.      Plaintiff's Pursuit of Her Claims After She Knew There Was No Factual Basis For Them Constitutes Reckless Indifference.**

The purported basis for this Court's subject matter jurisdiction of Plaintiff's District of

Columbia Human Rights Act claims and venue for her Title VII claims was predicated entirely

on two allegations in her Complaint:

> Paragraph 43:   Upon information and belief, Appleby and incoming General
> Counsel Osborne had met with Vice Presidents Manya and Meyers at the Cosmos
> Club in Washington, DC earlier in January 2011 to discuss the reorganization of
> the Law Department and the hiring of younger less experienced attorneys.
>
> Paragraph 44:   Upon information and belief, the decision to take away Ms.
> Calobrisi's work and demote her was made during the January 2011 Cosmos Club
> meeting.

Plaintiff signed the Complaint containing these allegations under oath as a litigant, but she is also

an attorney admitted to practice in this jurisdiction.

As set forth below, Plaintiff and her counsel were repeatedly cautioned that there was no

factual basis for these allegations, but they nonetheless purposefully pursued Plaintiff's claims in

this Court.  As such, the conduct in the instant case unequivocally constitutes reckless behavior

in the face of a known risk aimed at unreasonably and vexatiously multiplying the proceedings

within this Court.  Specifically, Plaintiff and her counsel (1) refused to limit her jurisdictional

discovery requests to comply with the scope this Court explicitly ordered, (2) filed a frivolous

Motion to Compel, and (3) filed a Supplemental Opposition to Booz Allen's Motion to Dismiss

and Transfer, which continued to argue that an adverse act relating to Plaintiff's employment

occurred within the District of Columbia even though she knew there was no factual basis for

this position and which also advanced arguments already rejected by this Court.  These actions

unnecessarily delayed the proceedings in this case and required Booz Allen and this Court to needlessly expend resources to defend and analyze arguments that Plaintiff's counsel knew had no factual or legal support in violation of Section 1927.

> **1.     Plaintiff and her counsel repeatedly and improperly attempted to obtain jurisdiction and venue discovery beyond the Court's Order.**

As a threshold matter, Defense counsel notified Plaintiff's counsel on June 11, 2013 – three weeks prior to filing its Motion to Dismiss – that there was no factual basis for Paragraphs 43 and 44, and asked her to specify the basis for the "information or belief" that enabled Plaintiff to make such an allegation. (See June 11, 2013 Email from S. Robinson to L. Correia, Ex. 1.) In response, Plaintiff's counsel indicated that an individual had told Plaintiff that such a meeting took place. (Id.) What Plaintiff's counsel failed to disclose, however, was that this individual had no personal knowledge regarding whether or not a meeting had taken place at the Cosmos Club in January 2011 and whether or not decisions had been made at the purported meeting regarding Plaintiff's employment. To the contrary, the sole basis for Plaintiff's "information and belief" was nothing more than an administrative assistant allegedly telling Plaintiff that four members of the Law Department were at an offsite meeting. (See July 18, 2013 C. Calobrisi Decl. ¶ 5(a), Ex. 2) ("One day I noticed that Meyers, Appleby, Osborne and Manya were not in the office. When I asked Osborne's assistant where they were, she said that they were meeting at the Cosmos Club for a two day 'offsite' meeting.").[2]) Notably absent from Plaintiff's "information and belief" was any basis from which to believe that the "offsite" took place in January prior to Booz Allen notifying Plaintiff that her position was being rescoped to a Senior Associate level.

---

[2]     Discovery conclusively established that no "two day offsite" meeting was ever held prior to Plaintiff's alleged demotion.

Accordingly, on July 1, 2013, Booz Allen filed its Motion to Dismiss and Motion to Transfer supported by sworn declarations from <u>all four</u> of the lawyers who attended the meeting. On July 18, 2013, Plaintiff filed her Opposition and on July 24, 2013, she filed a Motion for Discovery on Venue and Jurisdiction.   Notwithstanding the lack of any admissible factual basis to support Plaintiff's allegations regarding the existence of a Cosmos Club meeting in January 2011 or the sworn declarations submitted by Messrs. Meyers, Appleby, Osborne and Manya testifying that no such meeting took place, out of an abundance of caution, this Court granted in part and denied in part Plaintiff's Motion for Discovery on Venue and Jurisdiction on December 3, 2013.   The Court ordered limited discovery solely on the subjects of jurisdiction and venue, and specifically, granted Plaintiff leave:

> (1) . . . to serve requests for production of documents on Defendant which are related to Plaintiff's allegations that she was demoted and constructively discharged because of her sex and age and <u>which shall be tailored toward discovering jurisdictional and venue facts related to when, where, and who was involved in the ultimate adverse actions, as well as the material events leading to Plaintiff's alleged discriminatory demotion and constructive discharge;</u> [and]
> (2) . . . to conduct three depositions of two hours each and may select among Robert Osborne, Elizabeth Nett, CG Appleby, William Meyers, or Douglas Manya for these depositions. These depositions shall be tailored toward discovering jurisdictional and venue facts related to when, where, and who was involved in the ultimate adverse actions, as well as the material events leading to Plaintiff's alleged discriminatory demotion and constructive discharge.

(Order, Dec. 5, 2013, Doc. No. 23) (emphasis added).

Despite this clear Order, Plaintiff and her counsel's response was to serve twenty-seven written discovery requests, many of which sought information relating to the merits of Plaintiff's claims. After engaging in several lengthy and unproductive meet and confer conferences, and a submission to the Court containing Plaintiff's proposed written discovery requests, the Court admonished Plaintiff for attempting to propound discovery requests that went beyond the bounds

set by the Court's Order and that were not limited to the jurisdictional and venue questions

before the Court:

> [T]he Court hereby admonishes Plaintiff that the Court's ruling on December 3 was that some very specific and very limited jurisdictional discovery would be permitted: targeted document requests would be permitted, related solely to this issue of the two adverse actions that were taken, the demotion and the constructive discharge, and the material events leading up to those two actions. The scope of the Plaintiff's proposed document requests, temporally and in other respects, far exceed the Court's ruling, and Plaintiff is HEREBY ORDERED to re-draft the document requests in conformance with the Court's ruling forthwith.

(Minute Order, Dec. 12, 2013.)

Still ignoring the Court's clear mandate, Plaintiff and her counsel *again* refused to

promulgate written discovery that was tailored to the jurisdictional and venue issues before the

Court, and instead served document requests that sought materials spanning a period of several

years. (Hr'g Tr. 7, Dec. 18, 2013 ("I'm a little baffled and I should say somewhat disturbed and

annoyed that such an argument was made repeatedly and at length yesterday.").) As a result, the

Honorable Robert L. Wilkins took the extraordinary step of rewriting Plaintiff's discovery and

issued redlined versions of Plaintiff's proposed written discovery requests, limiting discovery to

material events purported to have occurred in the District of Columbia between September 1,

2010 and July 31, 2011, leading up to Plaintiff's alleged demotion and constructive discharge, or

otherwise specifically related to these two alleged events. (Doc. No. 26.)

Two months of jurisdictional discovery ensued, which included not only Booz Allen's

responses to the written discovery requests that had been redrafted by the Court, but also the

depositions of in-house lawyers CG Appleby, Robert Osborne and William Meyers.  Messrs.

Appleby, Osborne and Meyers each testified that they met in Mr. Appleby's office – in McLean,

Virginia – on January 20, 2011, and discussed the realignment of commercial and international

leadership within the Law Department.   (Appleby's Dep. 17:4-6; Meyers' Dep. 9:5-21;

8

Osborne's Dep. 25:11-14, attached collectively as Ex. 3.)   It was at this meeting that the decisions were made about Plaintiff's role.  (Appleby's Dep. 19:8-20:19; Meyers' Dep. 18:17-20:17, 25:6-18; Osborne's Dep. 20:19-21:13.)  Plaintiff admitted under oath she was notified of the realignment and her specific change in role on January 26, 2011 in Virginia.  (Pl.'s Dep. 31:11-21, Ex. 4.)  Thus, discovery clearly confirmed that no meeting occurred at the Cosmos Club in January 2011, and Plaintiff admitted in her deposition that she had absolutely no facts to support this contention and was instead relying on nothing more than her unsubstantiated "belief."  (Pl.'s Dep. 27:9-28:1.)

Indeed, when asked under oath what basis she had for making these allegations that the decision to "take away Ms. Calobrisi's work" and "demote" her was made in the District of Columbia, Ms. Calobrisi repeatedly answered, "I don't know" and "I don't recall."

> Q.    Let me -- let me make sure the record is clear, and if I misunderstand or misstate your testimony, feel free to correct me. You don't have any recollection of what specific day this was, correct?
> A.    **No, I don't have any recollection of the specific date.**

(Pl.'s Dep. 16:20-17:4.)

> Q.    All right. What time did you leave the office that day?
> A.    **I don't understand the questions. If I don't know what day it is, how can I tell you what time I left?**

(Pl.'s Dep. 25:4-8.)

> Q.    And why couldn't that date have been February 15 as opposed to a date in January?
> A.    **I don't remember it being February 15.**
> Q.    I didn't ask you that, ma'am. I asked you why couldn't it be February 15 as opposed to a date in January?
> A.    **I believe it was in January.**
> Q.    And the basis of that is a day that you don't remember, a date of -- a day of the week you don't remember, on a day that you don't remember what time you got to the office, on a day that you don't remember what time you left the office. Is that correct? That's a yes or no, ma'am.
> A.    **I believe it was in January.**

9

> Q.   Is there anything else that you have to support your contention that the Cosmos Club meeting was in January other than what you told me?
>
> **A.   Not anything more than what I've told you.**

(Pl.'s Dep. 27:6-28:1.)

> Q.   As we defined facts, do you have any other facts other than as you've alleged at a meeting at the Cosmos Club on an unspecified date that the decision concerning your demotion and related issues was made in the District of Columbia? Yes or no.
>
> **A.   The decision?**
>
> Q.   Correct.
>
> **A.   The decision, not the discussions, but the decision?**
>
> Q.   The decision.
>
> **A.   The decision?**
>
> Q.   The decision.
>
> **A.   I don't have any other facts.**

(Pl.'s Dep. 66:5-17.)

Most telling, however, was Plaintiff's admission after obtaining the operative documents from Booz Allen and deposing the three individuals who were most involved in the decisions at issue that she had <u>no additional facts</u> to support her contention that a January 2011 Cosmos Club meeting occurred as a result of the jurisdictional discovery:

> Q.   As we've defined facts before, do you have any additional facts since June 27 when you filed the complaint that the allegations in paragraph 44, that the decision to demote you and take away your work was made during the January 2011 Cosmos Club meeting, anything that you've learned since the complaint was filed on June 27 as we've defined facts?
>
> A.   No.

(Pl.'s Dep. 71:2-9.)

Thus, it is undisputed that by February 6, 2014, Plaintiff and her counsel knew <u>that only one meeting occurred at the Cosmos Club</u> and that it occurred on February 15, 2011, three weeks <u>after</u> Plaintiff had already been notified that she was being "demoted."

> **2.**    ***Plaintiff and her counsel filed a Motion to Compel seeking documents and testimony beyond the scope of the Court's ruling on jurisdictional and venue discovery.***

In the face of these undisputed facts, Booz Allen's counsel implored Plaintiff's counsel during phone calls to reconsider her position regarding Booz Allen's Motion to Dismiss and Transfer as there were no facts to support the factual allegations contained in Paragraphs 43 and 44. Plaintiff's counsel refused and notwithstanding this Court's admonishment that she was not permitted to seek discovery beyond the question of jurisdiction and venue, Plaintiff filed a totally baseless Motion to Compel seeking to compel Defendant's responses to multiple deposition questions that had no relationship to jurisdiction and venue. (Doc. No. 29.)

Then two weeks later, she filed a "conformed" motion to compel, without authorization from this Court, which sought a second "bite of the apple" by amending her first motion to compel and seeking documents that were nonresponsive, privileged, or nonexistent.[3] Accordingly, Booz Allen was forced to respond to both Motions to Compel, along with a Motion for an Extension of Time, notwithstanding the fact that Defense counsel had instructed its witnesses appropriately during the depositions of Messrs. Meyers, Appleby and Osborne and had properly withheld documents based upon its assertion of attorney-client privilege.

On May 27, 2014, this Court denied Plaintiff's motion on all requests save one; the Court ordered Defendant to produce an unredacted copy of a single PowerPoint presentation, a document that Plaintiff already had in substance. (Order, May 27, 2014, Doc. No. 46 at 4.)

---

[3]      On May 7, 2014, this Court entered a Minute Order stating, in relevant part: "Plaintiff is advised that all further motions to amend or supplement motions must be styled as such and filed only with leave of the Court." (Minute Order, May 7, 2014.)

> 3.      *Plaintiff's counsel consciously filed a Supplemental Opposition to Booz Allen's Motion to Dismiss and Transfer knowing that it had no factual support in the Record.*

On May 27, 2014, the Court issued an Order instructing Plaintiff to file a Supplemental Memorandum on Jurisdiction and Venue. (Doc. No. 47.) On June 9, 2014, and prior to Plaintiff's submission of her Supplemental Memorandum, Defense counsel again asked Plaintiff's counsel to reconsider her position on Booz Allen's Motion to Dismiss and Transfer and specifically recited the operative deposition testimony and contemporaneous documentation that unequivocally establishes that no factual basis exists to confer jurisdiction or venue with this Court. (June 9, 2014 letter from S. Robinson to L. Correia, Ex. 5.) Defendant once again advised Plaintiff that all discovery had conclusively established that there was <u>not a single fact</u> to support jurisdiction in the District of Columbia and again asked Plaintiff to withdraw immediately her opposition to Booz Allen's Motion to Transfer. The letter, in part, stated:

> As you know, Booz Allen has repeatedly expressed concerns about the lack of factual basis for your client's allegations regarding events in the District of Columbia, which you contend is the jurisdictional basis for initiating this case in D.C. rather than in the United States District Court for the Eastern District of Virginia. I first raised this issue at the inception of the case in an email to you on June 11, 2013. In subsequent emails, you assured me there was a factual basis for the claims in Ms. Calobrisi's Complaint. Now, one year and tens of thousands of dollars later, it is abundantly clear there is no factual basis for these allegations. The filing of this pleading and your continuing pursuit of this meritless and factually unsupported allegation is sanctionable conduct by both you, as counsel of record, and your client, as both a plaintiff and as a member of the District of Columbia bar. As such, I write to advise you, again, to reconsider your approach to this case, and urge you to withdraw immediately your Opposition to Booz Allen's Motion to Transfer.
>
> . . .
>
> Continuing to assert jurisdiction in D.C. now that jurisdictional discovery has been completed constitutes sanctionable conduct under Rule 11. If you do not withdraw your opposition immediately to Defendant's Motion to Transfer the case to the Eastern District of Virginia, we will seek all fees incurred briefing this issue, including but not limited to the original Motion to Transfer, all

supplemental briefing and the upcoming July 2 hearing. We will also seek other appropriate sanctions against both you and Ms. Calobrisi.

(Ex. 5 at 4.)

Plaintiff never responded; instead, she filed a thirty-page Supplemental Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction and Motion to Transfer the case.[4] In this Supplemental Opposition, Plaintiff once again offered arguments that this Court had expressly rejected. For instance, she made the improper and dubious argument that Booz Allen's principal place of business is in the District of Columbia and that this contention somehow established jurisdiction in this District, even though this Court had ruled that argument improper during the first hearing on Defendant's motion to dismiss on December 3, 2013.

> The fourth basis for venue is the judicial district where, quote, the respondent has his principle office, end quote. But the D.C. Circuit has held that only where the putative employer cannot be brought before the Court in one of the other -- under one of the other basis of venue, may the action be filed in the judicial district where the employer has his principle office, and that holding is from *Stebbins versus State Farm* at 413 F.2d 1100, pages 1102 to 1103, D.C. Circuit, 1969, a pro curium decision. And given that, and given that I think that we should be able to determine where the employment, unlawful employment practice is alleged to have been committed, and it's not going to be appropriate to rely upon the principle place of business argument with respect to the appropriateness of venue in the District of Columbia, so I don't really believe that I need to reach the issue of whether the principle place of business of Booz Allen is in Washington, D.C. or not because that is really just a fallback argument. And so to the extent the plaintiff is -- is resting on that argument, the motion is denied, and no further jurisdictional discovery with respect to determining whether the District of Columbia is the principle place of business of Booz Allen is necessary.

(Hr'g Tr. 31, Dec. 3, 2013.)

Notably, Plaintiff admitted in her deposition that she had no facts to support her allegation that Booz Allen was headquartered in the District of Columbia:

> Q.   Have you ever seen any documents from Booz Allen that indicate that the headquarters is anyplace other than McLean?
> A.   Have I ever seen any documents from Booz Allen? No.

---

[4]   Defendant is not seeking sanctions under Rule 11 of the Federal Rules of Civil Procedure in this Motion.

> Q.    Did you ever file any documents on behalf of Booz Allen that indicated that the headquarters was in McLean?
> A.    No.
> Q.    Did you ever have an office in D.C.?
> A.    No.

(Pl.'s Dep. 36:22-37:10.)  Despite this admission and the Court's express order, Plaintiff argued

three months later in her Supplemental Opposition that Booz Allen was headquartered in D.C.

and was thus subject to jurisdiction in this case in D.C.  (Pl.'s Supp. Opp'n 25-28, Doc. No. 48.)

Plaintiff also repeatedly attempted to base her jurisdictional argument on a pattern and

practice theory, which, again, this Court explicitly rejected as a basis for jurisdiction during the

first hearing on December 3.

> Now, one theory that the plaintiff has advanced is that there is a pattern or a practice of sex discrimination against women and age discrimination in general or age discrimination against women that emanates from the headquarters – the purported headquarters in Washington, D.C. in that the plaintiff should be entitled to jurisdictional discovery to inquire into that pattern or practice. That motion will be denied. The Court finds that that is not an appropriate basis for jurisdictional discovery under these circumstances with this case.

(Hr'g Tr. 32, Dec. 3, 2013.)  Notwithstanding this order, Plaintiff devoted six pages of her

Supplemental Opposition to the argument that Booz Allen had a pattern and practice of

discriminating against other women which emanated out of the District of Columbia office and

justified jurisdiction over Plaintiff's claims in this District.  (Pl.'s Supp. Opp'n 18-21, 25-27.)

On July 23, 2014, this Court granted Booz Allen's Motion to Dismiss Plaintiff's claims

under the D.C. Human Rights Act, holding that it had no jurisdiction over these claims because,

as Booz Allen had repeatedly explained, no operative events occurred in the District of

Columbia.  The Court then dismissed Plaintiff's charges under the D.C. Human Rights Act and

transferred Plaintiff's gender and age discrimination and retaliation claims under Title VII of the

Civil Rights Act of 1964 and the Age Discrimination in Employment Act to the United States District Court for the Eastern District of Virginia. (Order, July 23, 2014, Doc. No. 51.)

On July 23, 2014, this Court granted Booz Allen's Motion to Dismiss Plaintiff's claims under the D.C. Human Rights Act, holding that it had no jurisdiction over these claims because, as Booz Allen had repeatedly explained, no operative events occurred in the District of Columbia. The Court then dismissed Plaintiff's charges under the D.C. Human Rights Act and transferred Plaintiff's gender and age discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act to the United States District Court for the Eastern District of Virginia. (Order, July 23, 2014, Doc. No. 51.)

Accordingly, as outlined above, Plaintiff's counsel had at least five opportunities to reevaluate her position when faced with overwhelming and undisputed evidence that established that there was no connection between Plaintiff's claims and the District of Columbia. Plaintiff's counsel's repeated and intentional actions delayed the present proceedings for over a year and forced Booz Allen to expend thousands of dollars defending baseless allegations when Plaintiff herself admitted on February 6, 2014 that there was no factual support for the allegations contained in Paragraphs 43 and 44.

Plaintiff and her counsel's pattern of intentional disregard for the undisputed facts in the Record and the Court's instructions regarding the scope and purpose of jurisdictional discovery falls squarely within the scope of § 1927. The Court of Appeals has held in multiple cases that sanctions pursuant to § 1927 are appropriate where "the attorney's behavior has been repeated or singularly egregious," for example where the attorney "'repeatedly took actions which required [the defendant] to expend unnecessary time and money.'" Wallace, 964 F.2d at 1220-21 (alterations in original) (quoting Fritz v. Honda Motor Co., 818 F.2d 924, 925 (D.C. Cir. 1987));

see also Reliance, 792 F.2d at 1139 ("With so many worthy claims waiting to be resolved, we cannot tolerate unfounded and undeveloped claims. Sanctions for this behavior are clearly appropriate.")

The record unequivocally demonstrates that Plaintiff's counsel made multiple conscious choices in the face of a known risk to continue to oppose Booz Allen's Motion to Dismiss and Transfer, at least after February 6, 2014, even though Plaintiff herself had no facts to support her position. Indeed, she not only filed a frivolous Motion to Compel, seeking documents outside the scope ordered by the Court, but then filed a Supplemental Opposition repackaging previously rejected arguments or arguments with no factual basis in the Record.  As such, under the standard outlined in Wallace, Plaintiff's counsel's conduct is sanctionable under § 1927.  See Wallace, 964 F.2d at 1220; see also Robertson v. Cartinhour, 883 F. Supp. 2d 121, 126 (D.D.C. 2012) (granting sanctions against plaintiff's attorney for filing multiple and frivolous pleadings for the improper purpose of forestalling litigation); Scruggs v. Getinge USA, Inc., 258 F.R.D. 177, 181 (D.D.C. 2009) (granting plaintiff's motion for sanctions based upon defendant's repeated filings and pleadings based upon arguments previously rejected by the court); Reynolds v. The U.S. Capitol Police Bd., 357 F. Supp. 2d 19, 26 (D.D.C. 2004) (granting employer's motion for sanctions under § 1927 based upon former employee's continued pursuit of claims without "any reasonable factual or legal basis to support this Court's jurisdiction over such claims"); Healey v. Labgold, 231 F. Supp. 2d at 69-70 (holding same).

Booz Allen has incurred nearly $160,000 in additional fees and costs between the date Plaintiff was deposed on February 6, 2014 and July 23, 2014, the date this Court entered its order transferring this case, and has incurred more than $56,000 in fees and costs between the date its counsel sent the June 9, 2014 letter to Plaintiff's counsel and the date this Court issued its order

transferring the case. (See Affidavit of Sarah A. Belger, filed contemporaneously with this Memorandum.) Section 1927 provides for sanctions for at least the entire period after Plaintiff's deposition on February 6, 2014; however, Booz Allen moves the Court for entry of an Order sanctioning Plaintiff and her counsel for the fees and costs incurred between February 6 and July 23 only for the following tasks: (1) drafting and revising its Oppositions to Plaintiff's Motion to Compel and her Conformed Motion to Compel; (2) drafting the letter to Plaintiff's counsel dated June 9, 2014; (3) analyzing Plaintiff's Supplemental Opposition filed on June 10, 2014 and drafting Booz Allen's Response to the same; and (4) preparing for and attending the July 2, 2014 hearing. The total amount of fees Booz Allen is seeking for this time period is $76,282.00, which has been adjusted using the Laffey matrix in the affidavit submitted by Sarah A. Belger.[5]

### III.    CONCLUSION

This is a case in which a Defendant was clearly sued in the wrong court by a Plaintiff and her lawyer who had no facts to support their claim of jurisdiction in the District of Columbia to start with, and then they ignored all the facts that would defeat their claims of jurisdiction when they were raised by Defendant's counsel and then conclusively established by discovery. Plaintiff and her counsel were warned repeatedly not to proceed, and told if they did, sanctions would be sought. There is nothing more Defendant could have done to convince Plaintiff to cease pursuit of her unfounded position that jurisdiction was proper in this District and thus, to avoid the expense and effort caused by her reckless and intentional pursuit of this frivolous jurisdictional claim.

---

[5]     As detailed in the attached Affidavit of S. Belger, the fees sought by this Motion have been adjusted downward based on the Adjusted Laffey Matrix which has been endorsed by this Court to calculate the prevailing legal fees associated with litigation in the Washington, D.C. metropolitan area. If the Court is only inclined to award fees for the period between the date Defendant's counsel sent the June 9, 2014 letter and the Court's order on July 23, 2014, the total amount for that period (adjusted using the Laffey matrix) is $29,778.

For these reasons stated above, Booz Allen moves the Court to grant its Motion for Sanctions against Plaintiff and her counsel pursuant to Section 1927 for the fees and costs Booz Allen incurred since February 6, 2014, totaling $76,282.00.

BOOZ ALLEN HAMILTON INC.

By Counsel

/s/ Stephen W. Robinson
Stephen W. Robinson (D.C. Bar No. 282731)
Sarah A. Belger (D.C. Bar No. 986105)
Melissa L. Taylormoore (D.C. Bar No. 992636)
MCGUIREWOODS LLP
1750 Tysons Blvd., Suite 1800
Tysons Corner, VA 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
srobinson@mcguirewoods.com
sbelger@mcguirewoods.com
mtaylormoore@mcguirewoods.com
*Counsel for Booz Allen Hamilton Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent an electronic notification of such filing to the all parties of record.  I further certify that a true copy of the filing was also served via electronic mail upon the following:

>Bruce A. Fredrickson (D.C. Bar No. 933044)
>Linda M. Correia (D.C. Bar No. 435027)
>Cedar P. Carlton (D.C. Bar. No. 480255)
>WEBSTER, FREDRICKSON, CORREIA & PUTH, PLLC
>1775 K Street, Suite 600
>Washington, D.C. 20006
>(202) 659-8510
>bfredrickson@wfcplaw.com
>lcorreia@wfcplaw.com
>ccarlton@wfcplaw.com
>*Counsel for Plaintiff*

>/s/ Stephen W. Robinson
>Stephen W. Robinson (D.C. Bar No. 282731)
>McGuireWoods LLP
>1750 Tysons Blvd., Suite 1800
>Tysons Corner, VA  22102
>Telephone: 703-712-5469
>Facsimile:  703-712-5258
>srobinson@mcguirewoods.com
>*Counsel for Defendant Booz Allen Hamilton Inc.*

59003090_3

19