UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

_____

CARLA CALOBRISI                                )
                          Plaintiff,            )
                                               )
        v.                                      )
                                               )        Case No. 1:13-cv-00996-AJT-TRJ
BOOZ ALLEN HAMILTON INC.,                       )
                          Defendant.            )
_____)

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND MEMORANDUM IN SUPPORT**

Comes Now Plaintiff Carla Calobrisi, by counsel, and pursuant to Rule 37 of the Federal

Rules of Civil Procedure, hereby moves this Court for an Order compelling Defendant Booz

Allen Hamilton, Inc. ("Booz Allen" or "Defendant") to provide full and complete responses to

Plaintiffs' First Request for Production of Documents.  Plaintiff's Memorandum in support of

this Motion is set forth below.

**CERTIFICATE PURSUANT TO RULE 26(c)**

Counsel for Plaintiff hereby certify that counsel have made good faith efforts to resolve

the below matters with opposing counsel.  Defendant served its objections on September 15,

2014, and after reviewing them, Plaintiff's counsel emailed and asked counsel for Defendant to

participate in a telephone call on September 19 to discuss the objections in order to discuss and

attempt to resolve them.  The parties eventually had a one-hour conference call on September 24,

yet after completing Defendant's agenda items regarding separate concerns, counsel for

Defendant declined to discuss its objections to Plaintiff's discovery requests.  When asked to

identify whether Defendant intended to withhold documents based on its objections or would

produce notwithstanding any protective objections, Defendant's counsel indicated that Defendant

would be producing "a substantial amount of documents" and recommended "delivery by a file transfer is the only feasible way for Defendant to produce the documents, given the estimated file size."  Ex. 2 at ¶7 (Correia email to Robinson 9/25/14); Ex. 3 (Taylormoore email to Correia 9/24/14).  Defendant committed to inform Plaintiff of the estimated file size on Friday to enable Plaintiff to address the matter with her vendor.  Ex. 3.  On September 25, Plaintiff's counsel memorialized the call in an email, and asked counsel for a date and time to discuss the objections.  Defendant's counsel responded that he would "not have time to look at this for several days."  Ex. 4 (Robinson email to Correia 9/25/14).  Defendant did not communicate further with Plaintiff regarding the document production on Friday, September 26.   On September 29, Defendant served its Objections and Responses to Plaintiff's Requests for Production of Documents and provided an electronic link to the documents, producing 3,615 pages of documents, many of them duplicates.  Counsel had a twenty minute conversation on October 1 but the issues addressed herein were not resolved. Ex. 5 (Correia email to Robinson 10/1/14). Defendant's counsel sent a further email on October 1 that was not directed to illuminating or compromising the issues in dispute. Ex. 6 (Robinson email to Correia 10/1/14); Ex. 7 (Robinson to Correia 10/9-10/10/14). Plaintiff anticipates more discussions will take place, but given the close of discovery, counsel believes the motion needed to be set for next Friday.

## SUMMARY OF ARGUMENT

Defendant has refused to produce documents responsive to 32 of Plaintiff's 85 requests for production and has provided incomplete information in response to the vast majority of the others. Ex 1 (Defendant's Objections and Responses to Plaintiff's First Set of Requests for the Production of Documents). The grounds for each of Defendant's objections include:   (1)

attorney-client privilege/ work product,[1] (2) overly broad and unduly burdensome; (3) temporal scope, (4) the requests seek [information] outside the statute of limitations, and (5) relevance. Defendant's objections are not well-founded and should be overruled, and the responsive documents produced.

Defendant has unilaterally limited the temporal scope of its responses, commencing January 1, 2009 instead of 2008, without discussion.  For example, in response to Request No. 35, Defendant has refused to provide Plaintiff's complete personnel file (producing two years of a 14 year tenure during which she worked with Appleby, Myers and Manya. Nor has Defendant produced basic documents such as Plaintiff's calendar (or any person's calendar) despite its own insistence in its discovery requests to Plaintiff that she provide greater detail as to dates and places of events in her 75 pages of answers to Defendant's interrogatories.

As a further example, fewer than a dozen documents have been produced from Appleby, whom Defendant contends made the decisions to take away Plaintiff's work and demote her. Defendant has refused to clarify whether documents have been withheld from production based on the objections asserted, for the Requests to which Defendant did provide a response.

Defendant has objected to providing information in response to nearly half of Plaintiff's requests, including those that are the most important for Plaintiff to discover for adequate preparation for depositions, further discovery and trial.  In fact, Defendant has even refused to provide any documents supporting its defenses, and the very bases given for the demotion of Plaintiff, and taking away her work.  Given the short period for the discovery in this case,

_____

[1]/Defendant served its privilege log on October 6.  Plaintiff is continuing to analyze its contents which appear to be in a 6-point font.  A further motion may follow.

3

Plaintiff is requesting the Court enter an Order compelling the responses, and requiring that they be produced by October 28, 2014, which is eleven (11) days after the hearing. Most of these requests are very obviously relevant, not overly broad and go to the very heart of either the allegations set forth in the Complaint or the defenses raised by the Defendants. The objections are not well-taken and appear to be made solely for the purpose of delay. Plaintiff needs this relevant information produced as soon as possible to adequately and properly prepare for trial.

## STATEMENT OF FACTS

This case stems from the decisions by Defendant to take away Plaintiff Carla Calobrisi's work, and having done so, demoting her because her remaining work did not support her position as principal. Plaintiff was a Principal in the Booz Allen Law Department, and was team lead with three practice areas: commercial, international, and real estate. Plaintiff's work consisted of negotiating the contracts for commercial clients and negotiating vendor/supplier contracts for the infrastructure support of Booz Allen in the US ("commercial"), as well as (1) foreign government contracts for work that was to be performed outside the US, (2) international commercial business and (3) infrastructure or offices that needed to be opened to do both types of work ("international"), and real estate. Plaintiff worked on setting up offices which included negotiating the leases, handling local employment contracts, opening bank accounts, registering to do business in a foreign country, working with tax and finance on various issues, relocating employees, travel, and international commercial contracts.

In 2008, Booz Allen entered into a noncompete agreement that prevented Booz Allen from engaging in some of the work for which Plaintiff had been responsible. The Company immediately began planning for how it would re-enter the commercial and international markets

4

when the noncompete expired in July 2011. The firm began to plan to open new offices abroad to service international and US commercial clients.

On more than one occasion in and around mid to late 2008 and in the ensuing years covered by the non-compete agreement, Plaintiff's supervisor, Vice President Bill Meyers and other members of the firm assured Ms. Calobrisi that when the non-compete clause was lifted in the year 2011, the commercial part of her practice would expand. In the interim years, Ms. Calobrisi prepared for the year 2011 expansion of her practice. For approximately two and one half years, Ms. Calobrisi reasonably expected her commercial practice and international infrastructure practice would significantly grow in 2011.

In 2010, in Ms. Calobrisi's performance evaluation, the firm recognized that Ms. Calobrisi "took her role to new levels this year, demonstrating her ability to build the institution," that she "projects self-confidence, authority and enthusiasm in her leadership style," that she has "strong subject matter expertise and business acumen" and that her "biggest area of impact this year is highlighted in her thought leadership, strong collaboration and communication style that she exhibited through several initiatives." In or around December 2010, Meyers told Ms. Calobrisi that more than anyone else in the Law Department it was going to be her "time to shine." Meyers made this comment because Ms. Calobrisi's practice was about to significantly expand due to the end of the non-compete.

Given that Ms. Calobrisi was on the cusp of a significant expansion in her practice, she had worked for the Law Department for over a decade, and she was well recognized for her leadership ability, she reasonably expected the firm would finally assign her junior attorneys to supervise and support her expanded work (as had been provided to younger, male attorneys

5

Manya and Meyers. As of the end of 2010 and early 2011, Ms. Calobrisi reasonably expected that the coming expansion in her practice and corresponding leadership opportunities would support a promotion to vice president and that the firm would promote her to vice president in the future, as it had younger, less experienced, male attorneys Meyers and Manya.

In January 2011, when Ms. Calobrisi she was 55 years of age, the firm suddenly and without explanation took away the majority of her work and redistributed it to two male vice presidents (Manya and Meyers) and their associates, all of whom were substantially younger than Ms. Calobrisi. The firm then demoted Ms. Calobrisi from Principal back to Senior Associate despite the fact that she had been a Principal at the firm for eight years and a top performing attorney. When Ms. Calobrisi complained that the demotion was based on her sex and age, the firm told Ms. Calobrisi that if she "can't get over it," she should leave the firm. Instead of reconsidering the demotion, the firm threatened her with termination, insisted she sign a (false) "voluntary" demotion letter, and informed her that she would never get a raise again. Due to these discriminatory and retaliatory career-ending actions, Ms. Calobrisi had no choice but to resign. The firm then replaced her with a younger, male attorney.

Ralph Shrader is the Chairman, Chief Executive Officer and President of Booz Allen. Plaintiff contends that Shrader has actively excluded women from the highest positions within the firm and sent a message to the other men in charge to follow his example.  General Counsel Appleby worked closely with Shrader and the all-male Leadership Team, supporting Shrader's discriminatory practice of preventing women in the firm from rising to the highest ranks of the firm. Appleby was known to state that "Booz Allen is a kingdom and Ralph is our King. To live in the kingdom, we need to do what the King wants us to do or we would be thrown out."  By

maintaining a glass ceiling in the Law Department and forcing Ms. Calobrisi out of the firm, Appleby followed CEO Shrader's lead, consistent with the Company culture of preventing women from reaching the highest ranks of the Company.

Plaintiff's Complaint includes several examples of women whose careers at Booz Allen have been abruptly ended by termination, forced retirement or demotion. Plaintiff has provided additional examples of women similarly treated in response to Defendant's Interrogatories.

## ARGUMENT

Plaintiff lists the specific requests and objections below, grouping some requests for judicial economy. Plaintiff was not able to shorten Defendant's repeated general objections in an elegant way, so they are repeated verbatim, however, objections unique to the Request have been underlined for ease of reading. Plaintiff then presents the reasons for the requests, the relevance of the requests and response to Defendant's objections.

## I.    Relevance

Plaintiff asserts claims of sex and age discrimination and retaliation in violation of Title VII of the Civil Rights Act and age discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA). The Requests at issue are relevant to the claims and defenses of the parties as described below. In *Sprint/ United Mgmt. Co. v. Mendelsohn*, an age discrimination case, the U.S. Supreme Court recognized that "[r]elevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules." 552 U.S. 379, 387 (2008) (rejecting *per se* rule at trial (1) limiting relevant evidence of discrimination to "similarly situated employees" with the same decisionmaker in any adverse employment action and temporal

proximity, and (2) excluding evidence of discrimination against Sprint employees by other supervisors or decisionmakers).  If a *per se* rule is impermissible at trial, then a *per se* rule governing the scope of discovery must be rejected as well.  Defendant's objections to discovery of information related to persons not "similarly-situated to Plaintiff," or who had a different supervisor, amount to a *per se* rule that such information is not relevant and must be overruled.[2]

As a recent court noted:

> The purpose of discovery here is, in part, to help identify the universe of proper comparators. Pending discovery, the Court is not in a position to hold that those 30 persons are necessarily improper comparators. That ultimately may turn on such factors as by whom and how the 30 FAs were supervised within the branch, how their performance was monitored and evaluated, and whether they were subject, under comparable circumstances, to the types of employment decisions (including decisions preceding the RIF process) at Merrill Lynch.

*Vuona v. Merrill Lynch & Co*., 2011 U.S. Dist. LEXIS 131491, *12, 2011 WL 5553709 (S.D.N.Y.  2011).  Similarly, Defendant's objections that the Requests "seek information that is not relevant to the claims or defenses of a party" should be overruled, as they plainly do.

**II.    Outside the statute of limitations, outside the period Plaintiff alleged in her complaint that discrimination occurred, similarly situated persons, pattern and practice.**

In these Requests, Plaintiff seeks information that could lead to discovery of admissible, circumstantial evidence, that is probative of pretext.  Such evidence would be probative of motive, the firm cultural atmosphere, and a practice or policy of discriminatory or retaliatory animus toward women designed to block them from the highest levels of Booz Allen.  *See Clere v. GC Servs., L.P.*, 2011 U.S. Dist. LEXIS 61730 (S.D.W.Va. 2011).

---

[2]/*See* Defendant's objections on these two grounds to Requests 3, 6, 19, 20, 24, 25, 36, 37, 38, 39, 40, 43, 44, 45, 58, 59, 60, 68.  Each should be overruled.

Moreover, the Fourth Circuit has noted in *Warren v. Halstead Indus., Inc.* that:

> Evidence of a general atmosphere of discrimination may also be considered: proof of historically limiting opportunity or harassment. Even where such past discriminatory acts are time barred for purposes of a particular claim, the Supreme Court has stated that this type of a showing may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue.[2] . . . In addition, evidence of a general atmosphere of discrimination may be considered with other evidence bearing on motive in deciding whether a plaintiff has met his burden of showing that the defendant's articulated reasons are pretextual, . . . Thus, evidence of racial harassment or threats, though not the subject of a distinct claim, is relevant to the determinations of intent and pretext.

802 F.2d 746, 753 (4th Cir. 1986) (quoted by *Logan v. Colonial Williamsburg Hotel Props*., 1997 U.S. Dist. LEXIS 1335 (E.D. Va. 1997)).

Similarly, the Fourth Circuit has held that evidence of a pattern or practice of discrimination to prove claims of individual discrimination within the McDonnell Douglas framework is permissible.

> "[I]ndividuals [who] do not have a private, non-class cause of action for pattern or practice discrimination . . . may use evidence of a pattern or practice of discrimination to help prove claims of individual discrimination within the McDonnell Douglas framework…."  The court even illustrated how pattern and practice evidence could be helpful. "Evidence of a pattern or practice of discrimination may very well be useful and relevant to prove the fourth element of a prima facie case, that the individual's adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination, or that the employer's articulated reasons for the adverse action was merely pretext, or to establish the plaintiff's ultimate burden. *Id*. (internal citations omitted).

*Gilyard v. Northlake Foods, Inc*., 367 F. Supp. 2d 1008, 1015 (E.D. Va. 2005) (quoting *Lowery v. Circuit City Stores, Inc*., 158 F.3d 742, 758-759 (4th Cir. 1998), vacated on other grounds, 527 U.S. 1031 (1999)).

Plaintiff's Requests are reasonably tailored to seek discovery of circumstantial evidence of pretext, motive, discriminatory or retaliatory animus and a firm culture of sex discrimination or retaliation against Plaintiff and other women. Defendant's objections in this regard should be overruled.

9

### III.   Temporal Scope

Defendant took away Plaintiff's work and on January 26, 2011 informed her that she would be demoted from Principal to Senior Associate in the Booz Allen Law Department. Plaintiff's last day at Booz Allen was October 31, 2011.  Defendant's objection on grounds of temporal scope are entirely unfounded.  The time frame in question, unless stated specifically, is for the period three years predating Ms. Calobrisi's demotion in, January 2011, through October 31, 2011, the date of her departure from the Company.  Three Requests are for the shorter period January 1, 2009 through December 31, 2011.  *See Briddell v. Saint Gobain Abrasive Inc.*, 233 F.R.D. 57, 60 (D. Mass. 2005) ("[A]lthough courts have permitted discovery periods as long as eight to ten years, the norm in employment discrimination cases seems to be anywhere between three and five years.") (citing *United v. Massachusetts Indus. Fin. Agency*, 162 F.R.D. 410, 414 (D.Mass. 1995) (three year window of discovery); *Obiajulu v. City of Rochester*, 166 FRD. 293, 296 (W.D.N.Y. 1996) (discovery allowed from three years prior to suit until the time the case was heard); *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C. 2002) (three year time frame for discovery); *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 662 (D. Kan. 2004) (time period of three years prior to discrimination and two years afterwards allowed); *Raddatz v. The Standard Register Company*, 177 F.R.D. 446, 448 (D. Minn.1997) (allowing discovery into the period two years after termination); *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D. Pa. 1995) (allowing discovery to extend to the period two years after the tenure of the plaintiffs).

### IV.   Defendant's Objections and Reasons for the Requests

4.     All documents related to the activities of the International Organization Working Group from January 1, 2008 to October 31, 2011, including but not limited to any recommendations or any work product of the Group presented to Kevin Cook, Kurt Riggle, Mark Belcher, Don Pressley, The Leadership Team, or any member of The Leadership Team.

5.     All documents related to the activities of Charlie Griffin or Yasmin Garcia from January 1, 2008 to October 31, 2011, related to any recommendations or any work product of the International Organization Working Group.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine, Defendant further objects to this Request as over broad and unduly burdensome and as not reasonably limited in temporal scope as it seeks documents outside the applicable statute of limitations and beyond the period about which the Plaintiff alleges in her Complaint that discrimination occurred. Defendant further objects to the extent this Request seeks information that is not relevant to the claims or defenses of a party as it seeks information related to business decisions or issues unrelated to Plaintiff or the allegations in the Complaint.
RESPONSE: Defendant stands on its Objection to Request[s] No[s]. 4 and 5.

**Reason for Requests 4 and 5**: The International Organization Working Group was a group that

Plaintiff worked with to plan for the firm's re-entry into the international business, to position

themselves for the expiration of the noncompete with Booz & Co.   The Requests seek

information related to understanding the role of the personnel involved in the international

business, related assignments and who made the assignments.   The Requests also seeks

information related to Appleby's contention that Plaintiff was not best suited to perform this

work and that he alone decided to take it away from her on that basis.   The Requests are

reasonably calculated to lead to discovery of admissible evidence of pretext, because the

"business decisions" to which Defendant refers include "employment decisions," decisions

affecting Plaintiff's employment.   The Requests also should lead to identification of the

decisionmakers who influenced Plaintiff's role in the company during this period.


10.     All documents upon which Robert Osborne relied in developing his strategic vision for the Law Department prior to July 30, 2011.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant further objects to this

Request as over broad and unduly burdensome and as not reasonably limited in temporal scope <u>because, for instance, Mr. Osborne was new to Booz Allen and was the incoming General Counsel, and this request would potentially include all documents he reviewed from his first day at the firm through July 30, 2011</u>. Defendant further objects to the extent this Request seeks information that is not relevant to the claims or defenses of a party.

RESPONSE: Defendant stands on its Objection to Request No. 10.

**Reason for the Request:** Defendant's assertion that the Request "would potentially include all documents he reviewed from his first day at the firm through July 30, 2011," is hyperbole that does not justify a refusal to produce responsive documents.  This Request is tailored to discovery of specific information upon which Osborne relied in structuring or "rescoping" the Law Department and attorney assignments within the Department and is reasonably calculated to lead to discovery of admissible circumstantial evidence of discrimination and retaliation.

14.   All documents reflecting the views of C.G. Appleby, Samuel Strickland, Ralph Shrader, or any member of The Leadership Team regarding who should oversee the Law Department's commercial or international practice areas or who should be tasked with assignments within those areas during the period January 1, 2008 to October 31, 2011.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine, Defendant further objects to this Request as over broad and unduly burdensome and as not reasonably limited in temporal scope as it seeks documents outside the applicable statute of limitations and beyond the period about which the Plaintiff alleges in her Complaint that discrimination occurred <u>and documents from individuals who were not decision makers and/or not involved in the decision-making process.</u>

RESPONSE: Defendant stands on its Objection to Request No. 14.

**Reason for the Request**: The Request is reasonably calculated to lead to discovery of admissible evidence as it will identify who the decisionmakers were in Plaintiff's demotion.  This is the purpose of discovery.  *See* Complaint at ¶¶ 81-83.  Defendant's contention is not a basis to refuse to produce the requested documents, but rather restates the dispute between the parties.

Defendant says in its Answer to Interrogatory No. 8 that "the Firm's re-entry into the commercial

and international markets was a major initiative."[3]  The persons mentioned in this Request were

well acquainted with Plaintiff and her work as team lead for the commercial and international

practice areas within the Law Department.

19.     All assessments, self-assessments, appraisals, pulse checks, development plans,
performance goals and due diligence for promotion for Doug Manya, William Meyers, Greg
Nixon, and Robin Shaffert, Debra Storms, Karen Tinsky, Andreas Krumpholtz, and Deborah
Sherman, including all documents reflecting input from the "Sources of Input" on the respective
assessments of each of them and from any other individuals interviewed in connection with such
assessments or appraisals.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by
the attorney-client privilege or the work product doctrine. Defendant further objects to this
Request to the extent it calls for information regarding individuals who are not similarly situated
to plaintiff, For example, such as Mr. Manya, Mr. Meyers, Mr. Nixon and Ms. Shaffert, were not
principals like Plaintiff in 2011. Moreover, Ms. Shaffert and Mr. Nixon left Booz Allen prior to
January 1, 2009.  Similarly, Mr. Krumpholz, who was also a level above Plaintiff, left Booz
Allen as part of the Carlyle transaction in 2008. Defendant further objects to this Request as over
broad and unduly burdensome and as not reasonably limited in temporal scope as it seeks
information beyond the statute of limitations or even the events Plaintiff claims gave rise to her
claim.  As phrased, this Request would require Defendant to hand search files of over fifty
current and former employees for notes or other records concerning the listed current and former
Booz Allen employees.
RESPONSE: Defendant stands on its Objection to Request No. 19.

**Reason for the Request**: This case involves discrimination in connection with what Booz Allen

calls a "rescoping" of Plaintiff's position (but was a demotion) during a period of transition and

---

[3]/As the Court recognized earlier in this case:

Also, this particular type of a decision where you have a major realignment of a legal
department is a type of decision that you would expect to only be made after multiple
discussions, and it's also the type of a decision that one might expect to be made after
consulting with senior management. And so I don't think that this is a circumstance where
it's completely fanciful to -- or a complete fishing expedition to say that it's a -- that it's
plausible that some of the discussions or some of the meetings could have taken place
with senior leadership or could have taken place in the District of Columbia.

Ex. 8 (Hr'g Tr., 37, Dec 5, 2013. (Wilkins, J.) (ruling from the bench).)

restructure in the Law Department that necessarily entailed "rescoping" the roles of other personnel a level above and below Plaintiff in the Department.  *See* Complaint ¶ 67 ("Ms. Calobrisi's position was "rescoped" because she was an accomplished and experienced female attorney and Booz Allen has a preference for younger and male employees.")  This Request goes directly to Plaintiff's claims of discrimination, for example ¶¶ 15, 20 (Manya becomes team lead for three practice areas and Appleby assigns 8 attorneys and 2 paralegals to him while Plaintiff becomes team lead for three practice areas and has no attorneys assigned to her; Appleby assigns four attorneys to Meyers.); 21-25 (Appleby promotion of Manya and Meyers); 29-32 (Appleby); 84 (Shaffert);  *See* Plaintiff's Answer to Interrogatory No. 9 re Complaint at ¶¶ 103-106 (Nixon, Krumpholz, Sherman, Storms); No. 1 at 13-14.  The Request is reasonably calculated to lead to discovery of admissible evidence related to the decisionmakers and pretext, Appleby's decisions regarding other attorneys in the Law Department.

20.     All assessments, self assessments, appraisals, pulse checks, development plans, performance goals and due diligence for promotion for Molly Finn and Margo Fitzpatrick, including all documents reflecting input from the "Sources of Input" on the respective assessments of each of them and from any other individuals interviewed in connection with such assessments or appraisals.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant further objects to this Request to the extent it calls for information regarding individuals who are not similarly situated to plaintiff. Unlike Plaintiff, Ms. Finn and Dr. Fitzpatrick were partners, and the decisions concerning them were made by the Leadership Team, which was not involved in the events about which Plaintiff complains. Moreover, neither worked in the Law Department nor had the same supervisor as Plaintiff. Defendant further objects to this Request as over broad and unduly burdensome and as not reasonably limited in temporal scope as it seeks information beyond the statute of limitations or even the events Plaintiff claims gave rise to her claim.
RESPONSE: Defendant stands on its Objection to Request No. 20.

**Reason for the Request**: The Request is reasonably calculated to lead to discovery of admissible

evidence related to other acts of discrimination against women over the age of forty by the

Leadership Team, which fairly entails discovery of who the decisionmakers were in their cases

(each recently sued Booz Allen for sex discrimination).  The purpose of discovery is to provide

Plaintiff the opportunity to test Defendant's contention (thus its defense) and determine who is

similarly situated to Plaintiff.   This Request regarding the assessments of their work and

"Sources of Input" (Booz Allen's term used in assessments) is reasonably calculated to lead to

discovery of admissible evidence regarding decisionmakers. Appleby was involved in Finn's

demise, was named in her Complaint and was deposed in that case. Ex. 9 (Appleby Dep. at 7.).


        24.     All documents between or among Douglas Manya, William Meyers, C.G.
Appleby and Robert Osborne regarding Karen Tinsky or her performance on commercial,
international and other matters from January 1, 2009 to December 31, 2011.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by
the attorney-client privilege or the work product doctrine. Defendant further objects to this
Request to the extent it calls for information regarding individuals who are not similarly situated
to plaintiff. Defendant further objects to this Request as over broad and unduly burdensome to
the extent it seeks all documents regardless of whether they are relevant to a claim or defense of
any party and is not reasonably limited in temporal scope as it seeks documents outside the
applicable statute of limitations and beyond the date Plaintiff notified Defendant she was going
to resign her position. It is also overly broad and burdensome because it includes all emails to or
from the named employees about Ms. Tinsky on any subject.
RESPONSE: Defendant stands on its Objection to Request No, 24.

**Reason for the Request**: Plaintiff asserts in her Complaint at ¶ 45 that the firm reassigned her

work to Manya's team to be handled by Ms. Tinsky.  The Request is reasonably calculated to

lead to discovery of admissible evidence regarding the reassignment of Plaintiff's work to a

young, less experienced attorney.  Defendant's exaggeration of Plaintiff's request is not a basis

to provide responsive documents. The date Plaintiff notified Defendant she was going to resign

her position is not a valid temporal limitation on discovery. Indeed responsive documents would

relate to Plaintiff's constructive discharge claim involving additional events through her

departure on October 31, 2011. Plaintiff's last day of employment was October 31, 2011.

Discovery of documents or communications within two months of Plaintiff's departure is not at

all burdensome. See case law cited above.


      25.    All documents between or among Douglas Manya, William Meyers, C.G. Appleby and Robert Osborne regarding Debra Storms or her performance on commercial, international and other matters from January 1, 2009 to December 31, 2011.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant further objects to this Request to the extent it calls for information regarding individuals who are not similarly situated to plaintiff. Defendant further objects to this Request as over broad and unduly burdensome to the extent it seeks all documents regardless of whether they are relevant to a claim or defense of any party and as not reasonably limited in temporal scope as it seeks documents outside the applicable statute of limitations and beyond the date Plaintiff notified Defendant she was going to resign her position. It is also overly broad and burdensome because it includes all emails to or from the named employees about Ms. Storms on any subject.
RESPONSE: Defendant stands on its Objection to Request No. 25.

**Reason for the Request**: Plaintiff asserts in her Complaint at ¶ 45 that the firm reassigned her

work to Meyers' team to be handled by Ms. Storms.  The Request is reasonably calculated to

lead to discovery of admissible evidence regarding the reassignment of Plaintiff's work to a

young, less experienced attorney.  Defendant's exaggeration of Plaintiff's request is not a basis

to provide responsive documents.  The date Plaintiff notified Defendant she was going to resign

her position is not a valid temporal limitation on discovery.  Indeed responsive documents would

relate to Plaintiff's constructive discharge claim involving additional events through her

departure on October 31, 2011. Plaintiff's last day of employment was October 31, 2011.

Discovery of documents or communications within two months of Plaintiff's departure is not at

all burdensome.

26.     All documents reflecting or relating to any meeting addressing or discussing the Firm's re-entry into the commercial and international markets at the end of the non-compete agreement with Booz & Company.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant further objects to this Request as over broad and unduly burdensome <u>as it seeks Firm-wide discovery in a single plaintiff employment discrimination case</u>. Defendant further objects to this Request as it is not reasonably limited in temporal scope because it seeks documents outside the applicable statute of limitations and beyond the period about which the Plaintiff alleges in her Complaint that discrimination occurred. Defendant further objects to the extent this Request seeks information that is not relevant to the claims or defenses of a party, <u>as it seeks documents about the underlying business and strategic issues, concerns and analysis, for instance that is all unrelated to the decisions raised in the Complaint and also because it could include all documents in any way relating to Booz Allen's re-entry into the commercial and international markets, a massive firm-wide initiative that involved many employees and spanned many months.</u>
RESPONSE: Defendant stands on its Objection to Request No. 26.

**<u>Reason for the Request</u>**: Defendant's description of the alleged burden is not instructive.  The Request is limited to discovery of the firm's efforts on work for which Plaintiff was the Principal and team lead in the Law Department, in a firm that engaged in a great deal more work than the international organization and commercial market work.  The Request is reasonably calculated to lead to discovery of admissible evidence regarding Defendant's decisions affecting Plaintiff in her employment. As a compromise, <u>Plaintiff clarifies</u> this Request to include all documents referring to Appleby, Osborne, Manya, Meyers, Calobrisi, Tinsky, Storms, or the Law Department.

30.     All documents related to any formal or informal complaints made against Ralph Shrader, CG Appleby, Samuel Strickland, Robert Osborne, William Meyers, or Doug Manya, whether formal or informal, regarding their respective treatment of women.

31.     All documents related to any formal or informal complaints made against Ralph Shrader, CG Appleby, Samuel Strickland, Robert Osborne, William Meyers, or Doug Manya, whether formal or informal, regarding discrimination based on age.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. In addition, Defendant objects to this request as vague and ambiguous as the term "complaint" is not defined, and as such, this Request is not susceptible to a good faith response. Defendant further objects to this Request as over broad and unduly burdensome and as not reasonably limited in temporal scope because it seeks documents outside the applicable statute of limitations and beyond the period about which the Plaintiff alleges in her Complaint that discrimination occurred. Defendant further objects to the extent this Request seeks information that is not relevant to the claims or defenses of a party, as this is a single plaintiff case and neither Dr. Shrader nor Mr. Strickland were involved in any of the discrimination alleged in the Complaint. Additionally, it would be impossible for Defendant to be aware of "informal complaints" that may have been made between co-workers, er current or former Booz Allen employees that were never made under Booz Allen's EEO policy. Furthermore, Booz Allen is prohibited from disclosing documents provided to the EEOC by Federal regulation.
RESPONSE: Defendant stands on its Objections to Request[s] No[s]. 30-31.

**Reason for Requests 30 and 31**: Plaintiff's Complaint at ¶¶ 81-83 asserts that General Counsel Appleby maintained a glass ceiling in the Law Department to carry out Shrader's and the all-male Leadership Team's "discriminatory practice of preventing women in the firm from rising to the highest ranks of the firm." Specifically, the discrimination was against women over 40. The purpose of discovery is to determine whether Shrader and Strickland (who was CFAO and EVP and part of the Leadership Team) were involved in any of the discrimination alleged in the Complaint, and Defendant's contention restates the dispute, rather than a proper objection. Additionally, Mr. Meyers, an alleged wrongdoer here, whose discriminatory and retaliatory acts are asserted in the Complaint, was the lead employment lawyer for Booz Allen during the relevant period. Accordingly, any assertion of the attorney-client privilege related to Mr. Meyers' involvement in any alleged sex or age discrimination or retaliation or the resolution of any sex or age discrimination or retaliation complaints should not shield discovery of such matters by Plaintiff. The Request is reasonably calculated to lead to discovery of admissible evidence regarding the parties' claims and defenses. Defendant's objection regarding definition

18

of the term "complaint" is unworthy of this Court's consideration.  Defendant is obligated to provide responsive information about which it is aware.  Plaintiff is not aware of a Federal regulation that prohibits a complete response to this Request, which does not refer to the EEOC. Such Requests in discrimination cases are routine.

36.    All documents contained in William Meyers's personnel file and all documents not maintained in a "personnel file" referring or related to Mr. Meyers's employment, specifically regarding her skills, qualifications, duties and responsibilities, opportunities for advancement (or lack thereof), promotion, demotion, leadership, discipline, and compensation.

37.    All documents contained in Doug Manya's personnel file and all documents not maintained in a "personnel file" referring or related to Mr. Manya's employment, specifically regarding her skills, qualifications, duties and responsibilities, opportunities for advancement (or lack thereof), promotion, demotion, leadership, discipline, and compensation.

38.    All documents contained in Greg Nixon's personnel file and all documents not maintained in a "personnel file" referring or related to Mr. Nixon's employment, specifically regarding her skills, qualifications, duties and responsibilities, opportunities for advancement (or lack thereof), promotion, demotion, leadership, discipline, and compensation.

39.    All documents contained in Andreas Krumpholz's personnel file and all documents not maintained in a "personnel file" referring or related to Mr. Krumpholz's employment, specifically regarding her skills, qualifications, duties and responsibilities, opportunities for advancement (or lack thereof¡, promotion, demotion, leadership, discipline, and compensation.

40.    All documents contained in Deborah Sherman's personnel file and all documents not maintained in a "personnel file" referring or related to Ms. Sherman's employment, specifically regarding her skills, qualifications, duties and responsibilities, opportunities for advancement (or lack thereof), promotion, demotion, leadership, discipline, and compensation.

43.    All documents contained in Kamal Jones's personnel file and all documents not maintained in a "personnel file" referring or related to Mr. Jones's employment, specifically regarding her skills, qualifications, duties and responsibilities, opportunities for advancement (or lack thereof), promotion, demotion, leadership, discipline, and compensation.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant further objects to this Request as over broad and unduly burdensome and as not reasonably limited in temporal scope because it seeks documents outside the applicable statute of limitations, beyond the period about

which the Plaintiff alleges in her Complaint that discrimination occurred <u>and after Plaintiff
resigned her employment with Defendant</u>. Defendant further objects to the extent this Request
seeks information that is not relevant to the claims or defenses of a party, <u>and as invading the
privacy of Mr. Jones, who is not a party to this litigation or similarly-situated to Plaintiff.</u>
RESPONSE: Defendant stands on its Objection to Request[s] No[s]. 36-40 and 43.

**Reason for Requests 36-40 and 43**: These Requests are reasonably calculated to lead to

discovery of admissible evidence of pretext.  This case involves discrimination in connection

with what Booz Allen calls a "re-scoping" of Plaintiff's position (but was a demotion) during a

period of transition and restructure in the Law Department that necessarily entailed "re-scoping"

the roles of other personnel in the Department.  These Requests also seek discovery of

information related to Appleby's decisionmaking regarding the respective roles of the persons

identified in the Requests.  The Requests are directly relevant to the claims and defenses of the

parties.


44.     All documents related to the assessments of principals before the Assessment
Review Group ("ARG") from January 1, 2008 to October 31, 2011.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by
the attorney-client privilege or the work product doctrine. Defendant further objects to this
Request to the extent it <u>calls for information regarding individuals who are not similarly situated
to plaintiff</u>, Defendant further objects to this Request as over broad and unduly burdensome and
as not reasonably limited in temporal scope because it seeks documents outside the applicable
statute of limitations and beyond the period about which the Plaintiff alleges in her Complaint
that discrimination occurred. Defendant further objects to the extent this Request seeks
information that is not relevant to the claims or defenses of a party <u>as is seeks assessments and
related documents for all principals firm-wide, which consists of approximately 400 employees
each year, regardless of whether they worked in the Law Department.</u>
RESPONSE: Defendant stands on its Objection to Request No. 44.

**Reason for the Request**: This Request is reasonably calculated to lead to admissible evidence of

pretext.  Plaintiff was a Principal and her competency and performance were assessed by the

ARG.  Others assessed by the ARG were similarly situated to Plaintiff.  To the extent that

Defendant challenges Plaintiff's assertion, the purpose of discovery is to determine who is similarly situated to Plaintiff (if a necessary factor). Defendant's contention that they are not is not a basis for refusing production of information that Plaintiff and the Court need to make that determination. Defendant has not adequately explained the nature of the burden imposed by this Request. As a compromise, Plaintiff clarifies this Request to include only Go Team principals.

    45.    All assessments for principals assessed according to the GO Team competencies in 2010 and 2011.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant further objects to this Request to the extent it calls for information regarding individuals who are not similarly situated to Plaintiff. Defendant further objects to this Request as over broad and unduly burdensome and as not reasonably limited in temporal scope because it seeks documents outside the applicable statute of limitations and beyond the period about which the Plaintiff alleges in her Complaint that discrimination occurred. Defendant further objects to the extent this Request seeks information that is not relevant to the claims or defenses of a party as is seeks assessments and related documents for all Global Operations team principals, which consists of approximately 40 individuals each year, regardless of whether they worked in the Law Department.
RESPONSE: Defendant stands on its Objection to Request No. 45.

**Reason for the Request**: This Request is reasonably calculated to lead to discovery of admissible evidence of pretext. Plaintiff was a Principal and her competency and performance were assessed with the GO Team, without regard to whether she was in the Law Department. Others assessed according to the GO Team competencies were similarly situated to Plaintiff and the relative strengths of other Principals as compared to Plaintiff as reflected in the assessments and the decisionmakers' comments reflected therein are directly relevant to the parties' claims and defenses. To the extent that Defendant challenges Plaintiff's assertion, the purpose of discovery is to determine who is similarly situated to Plaintiff (if a necessary factor). Defendant's contention that they are not is not a basis for refusing production of information that

Plaintiff and the Court need to make that determination. Defendant has not adequately explained the nature of the burden imposed by this Request.

46.     All assessments for senior associates assessed according to the GO Team competencies in 2010 and 2011.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant further objects to this Request to the extent it <u>calls for information regarding individuals who are not similarly situated to Plaintiff</u>. Defendant further objects to this Request as over broad and unduly burdensome and as not reasonably limited in temporal scope because it seeks documents outside the applicable statute of limitations and beyond the period about which the Plaintiff alleges in her Complaint that discrimination occurred, Defendant further objects to the extent this Request seeks information that is not relevant to the claims or defenses of a party <u>as is seeks assessments and related documents for all Global Operations team senior associates, which consists of approximately 120 individuals each year, regardless of whether they worked in the Law Department</u>. Moreover, Plaintiff did not hold a senior associate position during her assessments in 2010 or 2011, and therefore these individuals were not assessed under the same criteria as plaintiff was in 2010 or 2011.
RESPONSE: Defendant stands on its Objection to Request No. 46.

**<u>Reason for the Request</u>**: This Request is reasonably calculated to lead to discovery of admissible evidence of pretext in light of Plaintiff's demotion to Senior Associate. The relative strengths of the Senior Associates compared to Plaintiff as reflected in the assessments and the decisionmaker's identify and comments reflected therein are directly relevant to the parties' claims and defenses. Plaintiff was a Principal and her competency and performance were assessed with the GO Team, without regard to whether she was in the Law Department. Others assessed according to the GO Team competencies were similarly situated to Plaintiff. To the extent that Defendant challenges Plaintiff's assertion, the purpose of discovery is to determine who is similarly situated to Plaintiff (if a necessary factor). Defendant's contention that they are not is not a basis for refusing production of information that Plaintiff and the Court need to make that determination. Defendant has not adequately explained the nature of the burden imposed by

this Request.

      58.    All documents referencing in any way whatsoever that women at Booz Allen were concerned with "titles" or "positions" within the firm.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant also objects to this Request to the extent is assumes facts not in evidence. Defendant further objects to this Request as over broad and unduly burdensome <u>as it seeks Firm-wide discovery in a single plaintiff employment discrimination case</u>. Defendant further objects to this Request as it is not limited in temporal scope because it seeks documents outside the applicable statute of limitations and beyond the period about which the Plaintiff alleges in her Complaint that discrimination occurred, Defendant further objects to the extent this Request seeks information that is not relevant to the claims or defenses of a party <u>as it apparently seeks documents that do not concern Plaintiff but apparently refer to other women who did not work in the Law Department, were not the same level as Plaintiff, and did not have the same supervisors or decision makers as Plaintiff</u>. <u>This request includes all women firm-wide at a company with approximately 23,000 employees</u>.
RESPONSE: Defendant stands on its Objection to Request No. 58.

**<u>Reason for the Request</u>**: Plaintiff's Complaint at ¶¶ 81-83 asserts that General Counsel Appleby maintained a glass ceiling in the Law Department to carry out Chairman, CEO and President Shrader's and the all-male Leadership Team's "discriminatory practice of preventing women in the firm from rising to the highest ranks of the firm."  The discrimination was against women of a certain age (over 40).  Specifically, Plaintiff asserts in her Complaint at ¶¶ 52, 80, 89, 90 that "CEO Shrader has repeatedly responded to women's requests for leadership positions by propagating a sexist stereotype that women are "focused too much on titles," and that "When Vice President Meyers chastised Ms. Calobrisi for making a 'big deal' about her demotion and dismissively told her that it was 'only a title,' he was following the tactic of the firm's male leadership to deflect attention from the firm's discriminatory treatment by propagating a sexist stereotype that women are 'focused too much on titles.'" This Request is directly relevant to the parties' claims and defenses.  *See Sprint v. Mendelsohn.*  This is the purpose of discovery.

Defendant has not adequately described the nature of the burden asserted in response to this

Request.  The precise use of the words "title" and "position" limits the Request.


      59.    All documents suggesting that any employee of Booz Allen who complained of sex or age discrimination (or raised the issue of discrimination in any way whatsoever) should or would be (1) demoted; (2) should or would "transition" out of or leave the firm; (3) should or would be "counseled on" or terminated; or (4) retire, (regardless of whether the complaint of discrimination occurred before or after the reference in the document).

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant further objects to this Request as over broad and unduly burdensome <u>as it seeks Firm-wide discovery in a single plaintiff employment discrimination case</u> and to the extent it<u> calls for information regarding individuals who are not similarly situated to plaintiff</u>, Defendant further objects to this Request as it is not limited in temporal scope because it seeks documents outside the applicable statute of limitations and beyond the period about which the Plaintiff alleges in her Complaint that discrimination occurred. In addition, Defendant objects to this request as <u>vague and ambiguous as the term "complained" is not defined, and as such, this Request is not susceptible to a good faith response</u>. Defendant further objects to the extent this Request seeks information that is not relevant to the claims or defenses of a party, <u>as it seeks information about any type of discrimination, not just age, gender or retaliation</u>, it seeks information <u>without any time limitation between a so called "complaint" and when an employee may have retired or may have been counseled on or demoted</u>, it seeks information about individuals <u>regardless of their supervisor, location, or level at the Firm</u>, and it seeks information <u>relating to comments or rumors by nonsupervisory employees for an unlimited period</u>.
RESPONSE: Defendant stands on its Objection to Request No. 59.

**<u>Reason for the Request</u>**: This Request is central to the parties' claims and defenses.  Plaintiff

asserts in her Complaint that she was demoted (¶¶ 41-47); told to transition, leave, or retire from

the Company (¶¶ 50, 61, 62); and that Meyers told her they would throw her a retirement party

upon her departure (¶¶ 87-88) ("VP Meyers admitted that the Law Department was treating Ms.

Calobrisi similarly to Booz Allen's treatment of Joan Hyde, a female over forty whose work was

given to a man and who then was forced out of the firm."); also Molly Finn and Margo Fitzpatrick

(¶¶ 69-70); Doria, Burns, Hyde "retire" (¶¶ 71-73).  Plaintiff's Complaint at ¶¶ 81-83 asserts that

General Counsel Appleby maintained a glass ceiling in the Law Department to carry out

Chairman, CEO and President Shrader's and the all-male Leadership Team's "discriminatory practice of preventing women in the firm from rising to the highest ranks of the firm." Specifically, the discrimination was against women of a certain age (over 40).  This Request is narrowly and reasonably calculated to lead to discovery of admissible evidence related to other women who were treated the same way as Plaintiff, where Defendant took their work away and demoted, fired, retired, or otherwise forced them out.  Defendant knows who these women are. Many of them are identified in Plaintiff's Complaint and in her Answers to Interrogatories.  The Request specifically refers to sex or age discrimination only.  Defendant's suggestion regarding a time limit between the complaint and personnel action is arbitrary and can be argued after the documents are produced.  Defendant has failed to adequately articulate the nature of the burden associated with this Request.

      60.    All documents with any reference to the terms "pro-woman" or "feminist" or both.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant further objects to this Request as over broad and unduly burdensome as it seeks Firm-wide discovery in a single plaintiff employment discrimination case, Defendant further objects to this Request as it is not reasonably limited in temporal scope because it seeks documents outside the applicable statute of limitations and beyond the period about which the Plaintiff alleges in her Complaint that discrimination occurred and to the extent it seeks information that is not relevant to the claims or defenses of a party. Specifically, there is no allegation that Plaintiff complained of making "prowoman" or "feminist" statements. Moreover, the Request seeks documents unrelated to personnel matters and could seek information about individuals regardless of their supervisor, location, or level at the Firm, and it seeks information relating to comments or rumors by nonsupervisory employees for an unlimited period.
RESPONSE: Defendant stands on its Objection to Request No. 60.

**Reason for the Request**: *See* argument re Request No. 55.

      62.    All documents in any files maintained by Ralph Shrader (or anyone else in any of Booz Allen's Washington, DC offices) that are in any way related to decisions made about Carla Calobrisi's employment at Booz Allen.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant further objects to this Request as over broad and unduly burdensome and as not limited in temporal scope. Defendant further objects to the extent this Request seeks information that is not relevant to the claims or defenses of a party particularly as <u>the Court has already decided that there is no jurisdiction in the District of Columbia for any of Plaintiff s claims</u>. Defendant further objects to this Request because it is duplicative of Requests Nos. 22 and 49.
RESPONSE: Defendant stands on its Objection to Request No. 62

**Reason for the Request**: This Request is reasonably calculated to lead to discovery of admissible evidence and goes directly to the parties' claims and defenses.  Plaintiff's Complaint at ¶¶ 81-83 asserts that General Counsel Appleby maintained a glass ceiling in the Law Department to carry out Shrader's and the all-male Leadership Team's "discriminatory practice of preventing women in the firm from rising to the highest ranks of the firm."  Defendant's jurisdictional objection is not well-founded.  Defendant has not answered that there are no such documents.

      68.    All non-privileged documents that relate to any lawsuit, charge, or legal action in which Booz Allen has been a defendant and the plaintiff asserted any claim of discrimination based on sex or age or retaliation, since January 1, 2008.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. In addition, Defendant objects to this request as <u>vague and ambiguous as the term "legal action" is not defined, and as such, this Request is not susceptible to a good faith response</u>. Defendant further objects to this Request as over broad and unduly burdensome<u>, seeking company-wide discovery in this single plaintiff case</u> and as not reasonably limited in temporal scope because for instance, it <u>seeks the entire case file maintained either by Booz Allen or counsel in any litigation, charge, or undefined "legal action</u>," Defendant further objects to the extent this Request seeks information that is not relevant to the claims or defenses of a party, as, among other things, it <u>seeks documents concerning other levels of employees with other supervisors, involving individuals outside of the Law Department</u>, and documents that are <u>protected from disclosure by either protective order, federal regulation or similar prohibition</u>.
RESPONSE: Defendant stands on its Objection to Request No. 68.

**Reason for the Request**:   Plaintiff's request is identical to Defendant's Request No. 10 to

Plaintiff. Ex. 10 (Excerpt of Defendant's Requests to Plaintiff) ("All non-privileged documents

that relate to lawsuits, charges or legal actions in which you have been involved as a party since

January 1, 2008.)[4]   Moreover, Plaintiff specifically asserts parallels between herself and Molly

Finn and Margo Fitzpatrick (Complaint ¶¶ 69-70), whose legal actions for sex discrimination

were or are pending in the D.C. Superior Court.  The Request is directly relevant to the parties'

claims and defenses and is reasonably calculated to lead to discovery of admissible evidence of

discrimination against other women.  *See Sprint v. Mendelsohn.*

74.    All documents reflecting or relating to any meeting or other communication
between January 1, 2008 and October 31, 2011, related to any solicitation by William Meyers,
Doug Manya, Karen Tinsky, Debra Storms, or Kamal Jones to do legal work supporting the
Firm's international or commercial operations.

75.    All documents reflecting or relating to any meeting or other communication
between January 1, 2008 and October 31, 2011, related to any assignment to William Meyers,
Doug Manya, Karen Tinsky, Debra Storms, or Kamal Jones to do legal work supporting the
Firm's international or commercial operations.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by
the attorney-client privilege or the work product doctrine. Defendant further objects to this
Request to the extent it seeks information that is not relevant to the claims or defenses of a party.
Defendant objects to this request as vague and ambiguous as the term "solicitation" is not
defined, and as such, this Request is not susceptible to a good faith response. Defendant further
objects to this Request as over broad and unduly burdensome and as not reasonably limited in
temporal scope, as it seeks information for a time period beyond the applicable statute of
limitations and before any of the events alleged in the Complaint to give rise to the claims in this
case, and it also includes any document relating to any day-to-day assignments these individuals
might have performed relating to international or commercial work. Defendant further objects to
this Request as it is duplicative of Request No. 13 [and 74].
RESPONSE: Defendant stands on its Objection to Request[s] No[s]. 74-75.

**Reason for Requests 74-75**: These Requests are reasonably calculated to lead to discovery of

_____

[4]  Indeed, unlike Defendant's request, Plaintiff's request is limited to claims of
discrimination based on sex or age or retaliation.

27

admissible evidence.  The Requests go to efforts to take and/or assign Plaintiff's work among the individuals identified in the Request.  Kamal Jones was the young male attorney hired to replace Plaintiff.  Solicitation of work, efforts to take, get, or be assigned by the individuals in No. 74, and efforts by others (whether or not their direct supervisors, Osborne, Appleby, Shrader, or others) to assign, give, or promote work for the individuals in No. 75 are what are requested here.  These Requests are central to the parties' claims and defenses.  It is not a basis for refusing to provide documents if they appear to be duplicative of something else requested elsewhere – the response should simply state that they are produced in response to another specific request [here, No. 13].

76.     All documents identifying the Law Department personnel assigned to conduct the Firm's legal work in the commercial or international markets, and the identity of the person(s) who directed the personnel to complete such work.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant further objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of a party. Defendant further objects to this Request as over broad and unduly burdensome and as not limited in temporal scope because, for instance, it includes any document relating to any day-today assignments individuals might have performed relating to international or commercial work. Defendant further objects to this Request as it is duplicative of Request Nos. 3 and 6.
RESPONSE: Defendant stands on its Objection to Request No. 76.

**Reason for the Request**: This Request is central to the parties' claims and defenses.  Requests 3 and 6 are limited to the Firm's re-entry into the commercial or international work.  It is not a basis for refusing to provide documents if they appear to be duplicative of something else requested elsewhere – the response should simply state that they are produced in response to another specific request.

81.     All documents provided to any expert engaged by you to testify at trial in this case.

82.     All documents prepared by or relied upon by any expert engaged by you to testify at trial, in forming the opinions to be expressed in this case.

83.     All documents related to compensation to be paid to any expert engaged by you to testify at trial, for the expert's study or testimony in this case.

OBJECTION: Defendant objects on the grounds that this Request seeks information protected by the attorney-client privilege or the work product doctrine, Defendant further objects on the grounds that this Request is <u>premature</u> and beyond the scope permitted by Federal Rules of Civil Procedure relating to the disclosure of communications between attorneys and retained experts, Defendant further objects to this Request because it is inconsistent with the deadlines provided in the Scheduling Order in this case. Defendants will provide information within the timeframes provided under the Scheduling Order.
RESPONSE: Defendant stands on its Objection to Request[s] No[s]. 81-83.

**<u>Reason for Requests 81-83</u>**: Defendant seems to contend that its *response* is premature, given the Court's scheduling order, and its preference to respond at a later date, but Plaintiff differs under the specific circumstances of this case.  The Request is proper and Defendant has moved for a Rule 35 examination of Plaintiff.  Timely, production of documents responsive to this request, consistent with Rule 26(a)(2), is not premature despite Defendant's preference.

85.     All documents reflecting, referring or related to any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse Defendant for payments made to satisfy the judgment.
OBJECTION: Defendant objects to this Request to the extent that it is over broad and unduly burdensome. Defendant further objects to this Request to the extent that it seeks information that may be protected from disclosure by the attorney-client privilege, the attorney work product doctrine or similar privilege.
RESPONSE: Defendant stands on its Objection to Request No. 85.

**<u>Reason for the Request</u>**: This Request is identical to Rule 26(a)(1)(A)(iv), which requires as part of Defendant's initial disclosures "for inspection and copying as under Rule 34, <u>any</u> <u>insurance agreement</u> under which an insurance business may be liable to satisfy all or part of a

possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."   In its initial disclosures, Defendant merely offered, "The declaration page of any applicable insurance agreement is available for inspection and copying."   Under the Rule, Plaintiff is entitled to the "insurance agreement," not just the declaration page.   Defendant's imposition of the expense of time and travel to inspect in person is an unnecessary burden for Plaintiff in the context of Defendant's resources relative to Plaintiff's and the number of documents anticipated to be examined and produced in this case.

Respectfully Submitted,

_____/s/ John R. Ates_____
John R. Ates (VSB #71697)
Ates Law Firm, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
703-647-7501 Telephone
703-229-6430 Fax
j.ates@ateslaw.com

_____/s/ Linda M. Correia_____
Linda M. Correia
(*Admitted pro hac vice*)
Correia & Puth, PLLC
1775 K Street, NW, Suite 600
Washington, D.C.  20006
(202) 602-6500 (telephone)
(202) 602-6501 (facsimile)
lcorreia@correiaputh.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2014, I served the foregoing Plaintiff Calobrisi's Motion to Compel Discovery Responses and Memorandum in Support, and proposed order through the Court's electronic filing system to the following:

Stephen W. Robinson
Sarah A. Belger
Melissa L. Taylormoore
McGuire Woods LLP
1750 Tysons Blvd., Suite 1800
Tysons Corner, VA 22102

Attorneys for Defendant


_____/s/ John R. Ates_____
John R. Ates (VSB #71697)
Ates Law Firm, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
703-647-7501 Telephone
703-229-6430 Fax
j.ates@ateslaw.com