UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| CARLA CALOBRISI ) | |
|             Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:14-cv-00996-AJT-TRJ |
| BOOZ ALLEN HAMILTON INC., ) | |
|             Defendant. ) | |
| ) | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiff Carla Calobrisi, by counsel, respectfully submits this reply memorandum in further support of her Motion to Compel Discovery Responses (DE #86) to address specific points raised by Defendant in its opposition (DE #88).

Defendant's misstatement of the nature of this case should not limit Plaintiff's right to full and fair discovery. First, Defendant opposes Plaintiff's discovery "from Booz Allen's most senior executives despite undisputed testimony that they were not involved in any decisions at issue in this case and that the decisions at issue were made exclusively within the Law Department, based on information within the Law Department." Defendant's Opposition ("Def. Opp.") at 2. Well, certainly Defendant's witness testimony is "undisputed" at this stage, where Plaintiff has not yet been permitted to engage in any discovery on the merits of her claims. The identity of the decision makers is very much in dispute in the parties' Complaint and Answer, and the purpose of discovery is to exchange documents that will illuminate the facts.

Plaintiff responds to Defendant's points as follows:

- "Mr. Appleby testified that the decisions regarding the restructuring of the Law Department did not occur until late 2010 and that he never discussed his decision with Ralph Shrader, the firm's [CEO], or Samuel Strickland, the Firm's then [CFAO]." (Def. Opp. at 3.) (also quoting Appleby, "I said I never had any

discussions with Dr. Shrader, Strickland, or Rozanski about structure of the law department.")

Response: Defendant has produced document (BAHCAL030000133), an email in which General Counsel Robert Osborne provides a Law Department structure deck with the subject REDACTED to Strickland and other senior executives, seeking feedback on a document outlining the restructure of the Law Department in the spring of 2011. (Ex. 1 Osborne email.) Mr. Appleby's testimony, on which Defendant relies therefore, does not foreclose the existence of documents through which Mr. Appleby communicated with senior executives regarding the structure or restructuring of the Law Department, assignments of the lawyers including Plaintiff, who would lead and staff the commercial and international work that was Plaintiff's, all prior to late 2010, and the responsive documents should be produced.

Similarly, GO Partner/VP Monthly Meetings, including all of the senior Law Department personnel, (Mr. Orborne, Mr. Meyers, Mr. Manya, except Plaintiff), and Samuel Strickland, took place, as evidenced by an appointment memo dated May 3, 2011. (Ex. 2 Drew appointment memo.) Plaintiff seeks discovery of documents related to those monthly meetings which occurred before 2011, involving discussion of the GO Team work of which Plaintiff was a part, where assignments were made, priorities were set and strategy was planned.

- "In preparing its responses, Defendant collected documents from over a dozen custodians." (Def. Opp. at 5.)

Response: Defendant produced documents from eight (8) custodians. Each of Defendant's assertions that it has produced responsive "documents in the possession of the identified custodians," artificially limiting the source of documents for Defendant's responses to only those custodians within the company that Defendant chose to review. Defendant's response is incomplete. Defendant's response is not instructive, leaving Plaintiff and the Court to guess

which of Plaintiff's Requests to which it claims to have fully responded. (Def. Opp. at 7-9.) Defendant disregards the Requests and instead lists what it elected to produce without tying the documents to the Requests that are the subject of Plaintiff's Motion.

- "Defendant provided Plaintiff's full and complete personnel file." (Def. Opp. at 8, n4.)

This response is illustrative of Defendant's unclear and incomplete responses to Plaintiff's Requests. The Request and Defendant's Response do not indicate that the complete file has been produced, indeed quite the opposite:

> 35. All documents contained in Carla Calobrisi's personnel file and all documents not maintained in a "personnel file" referring or related to Ms. Calobrisi's employment, specifically regarding her skills, qualifications, duties and responsibilities, opportunities for advancement (or lack thereof), promotion, demotion, leadership, discipline, and compensation.
> OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Defendant further objects to this Request as over broad and unduly burdensome and as not reasonably limited in temporal scope, as it seeks documents from a 14-year period of time and calls for any email to, from our about Plaintiff over a 14-year period of time. Defendant will produce all relevant, nonprivileged, responsive documents from January 1, 2009 through June 30, 2011 and all nonprivileged documents maintained in Plaintiffs personnel file.
> RESPONSE: <u>Consistent with and without waiving this objection, Defendant has provided non-privileged, responsive documents from January 1, 2009 through October 31, 2011 as they are kept in the usual course of business pursuant to Federal Rule of Civil Procedure 34.</u>

Although Defendant did produce some documents that predated 2009, this response does not say "Defendant provided Plaintiff's full and complete personnel file," as Defendant now asserts. (Def. Mem. at 8, n4.)

- Defendant suggests that "jurisdictional discovery has . . . already conclusively determined the time period when events that could lead to the discovery of admissible evidence occurred." (Def. Opp. at 10.)

There has been no such "conclusive determination" in this case and Defendant does not cite one.

- Mr. Appleby and Mr. Osborne "testified that no analysis much less any decisions regarding the Law Department's structure generally or Plaintiff's role specifically occurred until the end of 2010 and the beginning of 2011." (Def. Mem. at 10.)

This statement is demonstrably false, according to a document produced by Defendant, a memo dated April 8, 2010, and addressed to Commercial Senior Staff. The memo identifies Debra Storms as the REDACTED

Ex. 3 Memo (BAHCAL030000008.) Defendant has not produced documents reflecting circulation of the memo to Plaintiff Carla Calobrisi, despite the fact that she was the team lead for commercial matters in April 2010. Because Defendant did not provide the metadata that would clarify the matter (all documents have the date September 25, 2014 in the metadata), the production appears not to be complete and cannot be clarified without further production.

Similarly, a message from Karen Tinsky to Doug Manya, dated November 16, 2010, in which she notes, REDACTED

Ex. 4 Tinsky Email (BAHCAL00000045.) The message begs the question, when did she *begin* to support the international work and look forward to an effort REDACTED led at that time by Carla Calobrisi. Earlier documents should be produced.

- Defendant's argument regarding Defendant's exercise of its business judgment in its re-entry into the commercial and international markets is entirely off the mark. (Def. Opp. at 11-16.) (Defendant refers to Request Nos. 4, 5, 10, 14, 26, 62, 74-76.)

Defendant incorrectly continues to focus on whether there is direct evidence of discrimination or retaliation in the documents regarding Defendant's re-entry into the commercial and international markets, two of the areas over which Plaintiff was Director and team lead before her demotion. Plaintiff is entitled to discovery of information through requests reasonably calculated to lead to discovery of admissible evidence, including circumstantial evidence of discrimination or retaliation. Plaintiff's discovery requests are carefully targeted to Plaintiff's efforts – and the firm's efforts – to prepare for the firm's re-entry into in the commercial and international markets, including through the International Organization Working Group, while the non-compete was in place, as she was told, and she expected to lead and expand that work again when the non-compete expired. The requests identify specific people with whom Plaintiff worked on these matters, people who were in a position to assign the work to her or away from her without her knowledge, and people to whom the work was assigned. Documents responsive to this group of Requests, related to Plaintiff's efforts and the efforts of the Law Department and firm, including communications between and among them should be produced.

- "There is no mandatory format for an assessor to track or document the assessment feedback." (Def. Opp. at 20.)

Plaintiff requests specific information that is available to Defendant regarding the support (or lack thereof) of Plaintiff and her colleagues who were assessed according to the same "GO Team" competencies by the same persons, including Mr. Meyers, Mr. Manya, Mr. Appleby, and others, who allegedly made the judgment that Plaintiff was not capable of leading all three

practice areas, real estate, commercial and international, and took away her work leading to the January 26, 2011 demotion. For example, Karen Tinsky's 2010 assessment, one of the few Defendant produced, reflects the involvement of Mr. Meyers. Ex. 5 (BAHCAL 030003581084, Tinsky GO Team Assessment). Plaintiff is entitled to discovery that is reasonably calculated to lead to discovery of circumstantial evidence of discrimination.

- Defendant's argument that production of personnel information would violate individual privacy concerns regarding "medical records, benefit elections and compensation information." (Def. Opp. at 21.)

Plaintiff is not interested in medical records or benefits information, and Defendant's concern about production of the information does not justify wholesale refusal to produce *any* responsive documents from the individual personnel files identified in the Requests. Moreover, protective order entered in this case addresses the concern. (DE #31 (Agreed Protective Order).

## **Conclusion**

Defendant has produced 771 documents (plus 226 duplicate copies) to Plaintiff thus far, contrary to its representation during the meet and confer process that it planned to produced "a substantial amount of documents" and recommended "delivery by a file transfer is the only feasible way for Defendant to produce the documents, given the estimated file size." Ex. 1 (Correia email to Robinson 9/25/2014); Ex. 2 (Taylormoore email to Correia 9/24/2014). Plaintiff's requests are reasonably calculated to discovery of admissible evidence. Plaintiff

respectfully requests that the Court overrule Defendant's objections and direct complete production of the documents.

                          Respectfully Submitted,

                         ___/s/ John R. Ates_____
                         John R. Ates (VSB #71697)
                         Ates Law Firm, P.C.
                         1800 Diagonal Road
                         Suite 600
                         Alexandria, Virginia 22314
                         703-647-7501 Telephone
                         703-229-6430 Fax
                         j.ates@ateslaw.com


                         ___/s/ Linda M. Correia_____
                         Linda M. Correia
                         (*Admitted pro hac vice*)
                         Correia & Puth, PLLC
                         1775 K Street, NW, Suite 600
                         Washington, D.C. 20006
                         (202) 602-6500 (telephone)
                         (202) 602-6501 (facsimile)
                         lcorreia@correiaputh.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16, 2014, I served the foregoing Reply Memorandum in Support of Plaintiff's Motion to Compel Discovery Responses through the Court's electronic filing system to the following:

Stephen W. Robinson
Sarah A. Belger
Melissa L. Taylormoore
McGuire Woods LLP
1750 Tysons Blvd., Suite 1800
Tysons Corner, VA 22102

Attorneys for Defendant

      /s/ John R. Ates
John R. Ates (VSB #71697)
Ates Law Firm, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
703-647-7501 Telephone
703-229-6430 Fax
j.ates@ateslaw.com