IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CARLA CALOBRISI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-00996-AJT-TRJ |
| | ) |
| BOOZ ALLEN HAMILTON INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT BOOZ ALLEN HAMILTON INC. AND NON-PARTIES DEBORAH SHERMAN AND ROBIN SHAFFERT'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO QUASH AND/OR IN THE ALTERNATIVE FOR ENTRY OF A PROTECTIVE ORDER RELATING TO DEPOSITION SUBPOENAS ISSUED BY PLAINTIFF**

COME NOW Defendant Booz Allen Hamilton Inc. ("Booz Allen") and Non-Parties Deborah Sherman and Robin Shaffert, by counsel, and pursuant to Federal Rules of Civil Procedure ("Rule") 26 and 45, state as follows for their Motion to Quash Deposition Subpoenas issued by Plaintiff Carla Calobrisi.

**I.     INTRODUCTION**

Notwithstanding the extraordinary relief granted by this Court on December 30, 2014, the parties are unfortunately back before the Court once again because of Plaintiff's continued refusal to proceed with the promptness required to litigate in this Court and to meet this Court's deadlines. Defense Counsel has worked diligently over the past several weeks in an attempt to schedule the depositions of the non-party witnesses that were the subject of this Court's December 30 Order. By contrast, Plaintiff's counsel inexplicably failed to act promptly to serve the witnesses with subpoenas and notices of depositions and schedule the depositions before this Court's January 23, 2015 dispositive motions deadline. Although the majority of the witnesses

1

have been scheduled to be deposed before January 23, Plaintiff is now attempting to schedule the depositions of Robin Shaffert and Deborah Sherman to take place <u>after</u> the deadline for Booz Allen to file its summary judgment motion. Plaintiff's counsel refused to hold these depositions on January 12 or 14 (days upon which Plaintiff's counsel before Christmas said they were available) as Defense Counsel offered, and Plaintiff's two week delay in even attempting to serve these two witnesses constitutes a waiver of her ability to now depose them after a dispositive motion will be filed. Ms. Shaffert has still never been served, and Ms. Sherman was not served until January 15, and that service was ineffective because it was through a Federal Express delivery and left with a doorman in her residential building who was not authorized to accept service.

Booz Allen will be severely prejudiced if Plaintiff is permitted to hold these depositions after January 23, and Booz Allen should not be penalized by Plaintiff's woeful failure to take reasonable steps to hold these depositions "as soon as it possibly can be done" as this Court ordered on December 30, 2014. Booz Allen must file and serve its Statement of Undisputed Facts by January 23. If Plaintiff is permitted to depose Ms. Shaffert and Ms. Sherman after that date, Plaintiff will have two depositions in which to try and find basis to refute Booz Allen's Statement of Undisputed Facts.

Moreover, Plaintiff has already received three extensions of discovery in this case. The first extended the discovery period from December 12 to December 19. Plaintiff received a second extension to depose Molly Finn, and then received a third extension to depose CG Appleby, Robert Osborne, and the additional witnesses from the December 30 Order. These three extensions, in addition to Plaintiff being permitted to depose six additional non-party witnesses beyond the normal five non-party deposition limitation, are extraordinary remedies in

this Court. Despite being granted leave to depose these six additional witnesses, Plaintiff has shown no sense of urgency to accomplish the task that the Court allowed her to complete. For these reasons, Booz Allen and Non-Parties Deborah Sherman and Robin Shaffert's Motion to Quash Deposition Subpoenas and/or in the Alternative for a Protective Order should be granted.

## II.     ARGUMENT

### A.     Standard.

Under Rule 45, "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Moreover, a court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

Upon a timely motion, the Court must quash or modify a subpoena that:

    (i)    fails to allow a reasonable time to comply;

        . . . or

    (iv)    subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). Under Local Rule 30(H), eleven days in advance of the contemplated taking of a deposition generally constitutes reasonable notice.[1]

### B.     Plaintiff Has Failed to Satisfy the Federal and Local Rules for Serving a Witness and Providing Reasonable Notice.

On December 22, 2014, before filing a motion, Plaintiff's counsel asked Booz Allen whether January 12 or 13, 2015 worked for depositions of the ten so-called "assessment"

---

[1] Under Rule 30, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Additionally, under Rule 26(c), a court may, upon good cause, issue an order protecting a party from undue burden by, among other things, ordering that certain discovery not be had.

3

witnesses. Plaintiff's co-counsel then followed up thirty minutes later, "We would like to issue the subpoenas as soon as possible today. "Do January 12 and 13 work for you? Given the holidays, we want to get these out as promptly as possible." Booz Allen's counsel responded the same day, stating that Booz Allen did not agree that Plaintiff was entitled to take the depositions of the ten witnesses, but "we can make the 12th and 14th work if the Court allows [the depositions]." (Email string between J. Ates, L. Correia and S. Robinson, attached as Ex. A.)

Plaintiff filed her Emergency Motion for Leave to Take Depositions Outside of the Discovery Period later on December 22. (Document No. 219.) Booz Allen filed its Opposition on December 29, and this Court heard the Motion on an emergency basis on December 30, 2014. Ruling from the Bench, the Court granted in part and denied in part Plaintiff's emergency motion, holding that only former Booz Allen employees could be deposed. The Court also emphasized that the depositions must occur quickly, and directed Plaintiff's counsel to "Do it as quickly as can possibly be done. . . . That's in everybody's interest, including [Plaintiff's]." (Hrg. Tr. 12/30/14, 18-19, attached as Ex. B.)

Despite her representation on December 22 that the deposition subpoenas were ready to be served immediately, and despite her apparent wish to take the depositions on January 12 or 13, Plaintiff's counsel inexplicably waited two weeks to issue subpoenas (which still have not been served on counsel for Defendant) for Robin Shaffert and Deborah Sherman. She could have served these witnesses on December 30 after the hearing, or on December 31, and she still would have complied with the eleven day requirements under Rule 45 to have the depositions taken on her preferred date of January 12 (which was a date to which Booz Allen agreed). Additionally, Plaintiff could have served the subpoenas Friday, January 2 (or even Saturday,

4

January 3), to comply with the January 14 date.[2] For reasons that are unknown (as Plaintiff's counsel has refused to respond to several requests for this information), Plaintiff's counsel apparently waited nearly two weeks before attempting to serve either witness, despite this Court's direction that such depositions must occur "as soon as it can possibly be done."

In contrast to Plaintiff's counsel's actions, Defense counsel has worked expeditiously and exhaustively to make these depositions occur, as evidenced by the multiple emails between counsel for the parties and the below timeline:

- 12/31/14 – This Court orders that the depositions must occur "as soon as it possibly can be done."

- 12/31/14 – Defense Counsel notifies Plaintiff's counsel that he has been retained to represent Robin Shaffert but does NOT have authority to accept service of a subpoena on her behalf. (Email string from S. Robinson to L. Correia, 12/31/14, attached as Ex. C.)

- 1/1/15 – Defense Counsel notifies Plaintiff's counsel that he has been retained to represent Deborah Sherman but as with Ms. Shaffert does NOT have authority to accept service of a subpoena on her behalf. (Id.)

- 1/5/15 – Defense Counsel notifies Plaintiff's counsel that he has been retained to represent Catherine Nelson and also has been authorized to accept service of a subpoena on her behalf. (Email from S. Robinson to L. Correia, 1/5/15, attached as Ex. D.)

- 1/5/15 -- Plaintiff's counsel sends an email to Defense Counsel, asking if Defense Counsel is available on January 20 and 21 and without any substantive explanation as to why they are no longer seeking to take the depositions the prior week. (Email from L. Correia, 1/5/15, attached as Ex. E.) When Defense Counsel informs Plaintiff's counsel that he is unavailable to attend depositions on January 20, Plaintiff's counsel immediately issues deposition notices twenty minutes later noticing Ms. Doria and Ms. Shaffert's depositions for January 20. At 8:09 p.m. the evening of January 5, Defense Counsel reiterates that Ms. Shaffert is available to be deposed on January 14. (Email string between L. Correia and S. Robinson, attached as Ex. F.) He also requests Plaintiff's counsel to explain what steps they

---

[2] On December 31 and January 1, Defense Counsel informed Plaintiff's counsel that he had been retained to represent Robin Shaffert and Deborah Sherman, but he explicitly stated that he was not authorized to accept service of a subpoena for them. (Email from S. Robinson to L. Correia 1/1/15, attached as Ex. C.)

5

have taken to serve the witnesses with subpoenas and notice the depositions before January 5. (Ex. E.) Counsel for Plaintiff has yet to respond to this request.

- 1/7/15 – Two days later, Plaintiff's counsel informs Defense Counsel that they cannot do any depositions on January 12 or 14, but does not provide any explanation as to why these two dates, which counsel for the parties had now been discussing for more than two weeks, are suddenly not available. (Ex. F.)

    o Plaintiff's counsel informs Defense Counsel: "We have noticed depositions for the 20th and 21st, for dates and times that comply with the local rule, and will proceed that way. If you must now change the 20th we can do that, but not on the 12th or 14th."

- 1/8/15 – Deposition of CG Appleby occurs. The Court had ordered this deposition to be taken "next week," and it was.

- 1/8/15—1/15/15 – Defense counsel works to schedule the witnesses at a mutually agreeable time and the depositions of Ms. Doria, Ms. Nelson, and Ms. Merolla are coordinated.[3] Defense counsel notes that the deposition of Mr. Osborne is scheduled for Tysons Corner at 9:30 a.m. on the 21st, and Ms. Merolla for 3:00 p.m. the same day, and that Defense counsel will be in the same room to defend Ms. Sherman's deposition in New York. (Email string between S. Robinson to L. Correia, attached as Ex. G.) Pointing out several times that he "cannot be in two places at once," Defense Counsel requests that the deposition of Ms. Sherman be moved to a time and date the he can be present with his client. On at least three occasions, Plaintiff's counsel refuses. (Ex. F.) Plaintiff's counsel repeatedly refuses to confirm whether Ms. Doria has been served or otherwise has agreed to appear for her deposition on the 20th. (Ex. F.) On the afternoon of January 16, 2015, Ms. Correia appears finally to confirm that Ms. Doria has not been served because Ms. Correia notes that Ms. Nelson's deposition "[c]urrently . . . is the only deposition for which we have service on [January 20]." (Email from L. Correia to S. Robinson, attached as Ex. H.)

- 1/15/15 – Plaintiff finally (and improperly) serves Ms. Sherman by sending the subpoena via Federal Express and it arrives at the security desk in her residential building. The subpoena is for January 21, 2015, in New York City, which is an hour after Diane Merolla's deposition is scheduled to take place in McLean, Virginia.

- Plaintiff has failed to serve any of these subpoenas on Defendant's counsel as required by Rule 45.

---

[3] Plaintiff apparently has decided not to depose Valaree Moodee.

- 1/16/15 – Plaintiff's counsel sends an email at 12:35 p.m. conceding that she has not effectuated service on Ms. Shaffert or Ms. Sherman and states that they will reissue the subpoenas for January 29, 2015. (Ex. H.)

Here is the current deposition schedule of the remaining witnesses:

- Tuesday, January 20, 2015
    - Joyce Doria 9:00 a.m. (Plaintiff's counsel has never confirmed whether Ms. Doria has been served).
    - Catherine Nelson 11:00 a.m.
- Wednesday, January 21
    - Robert Osborne 11:00 a.m.
    - Diane Merolla 3:00 p.m.

Defense Counsel was retained to represent non-party witnesses Ms. Nelson, Ms. Shaffert and Ms. Sherman. Defense Counsel specifically asked each witness whether Defense Counsel was authorized to accept service on their behalf. Ms. Nelson agreed, but Ms. Shaffert and Ms. Sherman did not agree, as is their prerogative as non-party witnesses. Defense Counsel explicitly told Plaintiff's counsel that he was authorized to accept service for Ms. Nelson but was NOT authorized to accept service of Ms. Shaffert and Ms. Sherman. (Ex. C and D.)

1. **Deborah Sherman**

Ms. Sherman has not been properly served, and she will be unduly burdened by not receiving notice of at least eleven days under the Local Rules. Ms. Sherman lives and works in New York, New York. She is a practicing attorney. She has no information about Plaintiff or the events leading to the demotion and the claims in Plaintiff's lawsuit. (Email from S. Robinson to L. Correia, 1/15/15, attached as Ex. I.) As Defense Counsel explained in correspondence with Plaintiff's counsel, Ms. Sherman further will testify that she is not aware of any promises or commitments made to her about promotions, job responsibilities, etc. that were later revoked.

7

<u>Id.</u>  Thus, she does not have any information that is within the scope of what the Court has permitted Plaintiff's counsel to ask her.  Defendant offered to agree not to call her as a witness as trial, and Plaintiff has not responded to this offer.

On numerous occasions, Defense Counsel notified Plaintiff's counsel that he would be physically present at Ms. Sherman's deposition in New York City, and for this reason Ms. Sherman's deposition would need to take place on a different day than the other depositions.  Counsel obviously cannot be in McLean, Virginia for Ms. Merolla's deposition on January 21 at 3:00 p.m. and also in New York City one hour later.  Plaintiff's counsel ignored Defense Counsel's schedule and delayed doing anything about Ms. Sherman's deposition for two weeks.  Now she has simply noticed the deposition for January 21 at 4:00 without the notice required by the Local Rules and has refused to move the date or time of Ms. Sherman's deposition.

Despite being notified that the deposition would need to occur before Booz Allen's January 23 Court-ordered deadline for filing its summary judgment motion or else Booz Allen would be severely prejudiced, Plaintiff's counsel inexplicably delayed dealing with Ms. Sherman's subpoena or attempting to serve her.  On January 14, 2015, Plaintiff's counsel notified Defense counsel that she is now willing to take Ms. Sherman's deposition on January 26, which is <u>after</u> Booz Allen's summary judgment motion is due.  Moreover, Mr. Robinson is conducting a mediation for the United States District Court for the District of Columbia on January 26 (he is the mediator), and is unavailable to have the deposition on that date.

On January 15, 2015, Plaintiff's counsel finally attempted to serve Ms. Sherman with a subpoena via Federal Express.  The subpoena arrived at the security desk at her residential building.  Ms. Sherman has not authorized her building's front desk to accept service of the subpoena on her behalf.  The subpoena (which was executed by Plaintiff's *pro hac* counsel on

8

January 14, 2015, fails to comply with the notice required by the Local Rules on its face. It purports to require Ms. Sherman to appear for a deposition in New York City on January 21, 2015 at 4:00 p.m. This six-day notice falls far short of the eleven days required by the Local Rules. Moreover, delivery by Federal Express to her building's security desk to a person who was not authorized to accept service does not constitute effective service under the rules, as Plaintiff's counsel has conceded. (Ex. H.)

Notably, Plaintiff herself contacted Ms. Sherman by email on the morning of January 15. Despite Mr. Robinson informing Plaintiff's counsel two weeks earlier that he represents Ms. Sherman, Ms. Calobrisi, herself an attorney admitted to practice in Virginia, sent the following note:

> Hi Deborah, I hope you are doing well. As I am sure you have heard, I am involved in litigation against Booz Allen regarding my separation from the company. After 11 1/2 years, good assessments and solid performance, my work was taken away from me, and I was demoted. I "resigned" in 2011. We have been trying to reach you for a short, one hour deposition. To my knowledge, we have not been able to serve a subpoena. It will be one hour, next week, by teleconference. Please let me know where we may serve the subpoena and whether next Wednesday, late afternoon would be convenient for you. I look forward to hearing from you and hope that this does not cause too much of an inconvenience for you. Many thanks! Carla

(Exhibit J.) Plaintiff, although she is a party to this action, also is an attorney licensed to practice in the Commonwealth of Virginia, and her attempt to contact Ms. Sherman while knowing she is represented by counsel is contrary to Rule 4.2 of the Virginia Rules of Professional Conduct.

Before filing this motion, Defense counsel sent many emails to Plaintiff's counsel attempting to resolve Ms. Sherman's deposition issues without the need for this Court's intervention. These efforts were unsuccessful. Defense Counsel also requested Plaintiff's counsel to provide a description of what they have done to move forward with serving the subpoenas with the promptness ordered by the Court. Plaintiff has continually refused.

9

Moreover, Booz Allen will be severely prejudiced if Plaintiff is permitted to take Ms. Sherman's deposition after Booz Allen's summary judgment motion is due on January 23, and after it will have filed and served its Statement of Undisputed Facts---which now Plaintiff will have two depositions in which to try and find basis to refute.[4]  Plaintiff has not provided any justification whatsoever for her delay in seeking this witness's testimony.  For these reasons, this Court should quash Ms. Sherman's deposition subpoena.

### 2. Robin Shaffert

Ms. Shaffert lives and works in the District of Columbia.  Her home address, employment and employment address are easily found on the internet.  Her office is TWO BLOCKS from Plaintiff's counsel's office.  Prior to Christmas, Plaintiff's counsel called and left a voice mail message indicating she wanted to interview Ms. Shaffert.  Obviously, even before this Court ordered that Ms. Shaffert could be deposed, Plaintiff's counsel had located her.

To this date, Plaintiff has never served Ms. Shaffert with a deposition subpoena even though Defense Counsel informed Plaintiff's counsel on December 31 that he was not authorized to accept service on her behalf.  On January 9, 2015, Plaintiff's counsel sent an email to Defense Counsel requesting Ms. Shaffert's address.  Although Defense Counsel relayed this request to Ms. Shaffert, she did not authorize Defense Counsel to reveal this information.  A quick Google search, however, immediately reveals Ms. Shaffert's home address.  Moreover, a process server for Plaintiff's counsel apparently arrived at Ms. Shaffert's place of business on January 14 but arrived at a time when Ms. Shaffert was not available.  These facts show that Plaintiff's counsel

---

[4] Immediately before Defendants and Non-Parties filed the instant motion, Plaintiff's counsel sent an email in which she stated her intention to unilaterally re-notice Ms. Sherman for January 29.  (Ex. I.)  Once again, this date is after the dispositive motion deadline.  Moreover, Mr. Robinson is out of town on that date due to a longstanding commitment overseas for which plane tickets and hotel reservations have already been confirmed.

could have served Ms. Shaffert two weeks ago if they had made any effort to do so. As with Ms. Sherman, Defense Counsel repeatedly requested Plaintiff's counsel to describe what efforts they have made to serve Ms. Shaffert, and yet Plaintiff's counsel has steadfastly refused to do so.

Due to Plaintiff's counsel's own delay, Ms. Shaffert has not been served, and obviously will not be served within the eleven day advance notice period required under Local Rule 30. Although Defense counsel repeatedly offered to hold Ms. Shaffert's deposition on January 14 and then tried to work with opposing counsel to find a date during the week of January 19, there are no times that week when counsel for all parties and Ms. Shaffert are available. Plaintiff's counsel now wants to take Ms. Shaffert's deposition after Booz Allen's dispositive motion deadline, which will severely prejudice Booz Allen. Booz Allen should not be prejudiced by Plaintiff's counsel's dilatory tactics. For these reasons, this Court should quash Ms. Shaffert's deposition subpoena.

### III.  CONCLUSION

For the reasons stated above and arguments advanced at oral argument on this matter, Defendant Booz Allen and Non-Parties Deborah Sherman and Robin Shaffert's Motion to Quash Deposition Subpoenas and/or in the Alternative for a Protective Order should be granted.

>ROBIN SHAFFERT AND DEBORAH SHERMAN
>NON-PARTIES
>By Counsel
>
>
>                /s/
> Stephen W. Robinson (Va. Bar No. 15337)
> Melissa L. Taylormoore (Va. Bar No. 75506)
> Sarah A. Belger (Va. Bar No. 67947)
> *Counsel for Non-Parties Robin Shaffert*
>  *and Deborah Sherman*
> MCGUIREWOODS LLP
> 1750 Tysons Boulevard, Suite 1800
> Tysons Corner, Virginia  22102

Telephone: (703) 712-5469
Facsimile: (703) 712-5258
sbelger@mcguirewoods.com
srobinson@mcguirewoods.com
mtaylormoore@mcguirewoods.com


BOOZ ALLEN HAMILTON INC.
By Counsel


            /s/
Stephen W. Robinson (Va. Bar No. 15337)
Melissa L. Taylormoore (Va. Bar No. 75506)
Sarah A. Belger (Va. Bar No. 67947)
*Counsel for Defendant Booz Allen Hamilton Inc.*
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
Telephone: (703) 712-5469
Facsimile: (703) 712-5258
sbelger@mcguirewoods.com
srobinson@mcguirewoods.com
mtaylormoore@mcguirewoods.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 16, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record. I further certify that a true copy of foregoing will also be served via electronic mail upon:

    John R. Ates (Va. Bar No. 71697)
    Ates Law Firm, P.C.
    1800 Diagonal Road, Suite 600
    Alexandria, Virginia 22314
    (703) 647-7501 (telephone)
    (703) 229-6430 (facsimile)
    j.ates@ateslaw.com
    *Counsel for Plaintiff Carla Calobrisi*

And I hereby certify that on January 16, 2015, I will serve a true copy of the following via electronic mail upon the following non-filing user:

    Linda M. Correia (Admitted *pro hac vice*)
    Correia & Puth, PLLC
    1775 K Street, NW, Suite 600
    Washington, D.C. 20006
    (202) 602-6500 (telephone)
    (202) 349-1044 (direct)
    (202) 602-6501 (facsimile)
    lcorreia@correiaputh.com
    *Counsel for Plaintiff Carla Calobrisi*


     /s/
    Stephen W. Robinson (Va. Bar No. 15337)
    McGuireWoods LLP
    1750 Tysons Boulevard, Suite 1800
    Tysons Corner, Virginia 22102
    Telephone: (703) 712-5469
    Facsimile: (703) 712-5258
    srobinson@mcguirewoods.com
    *Counsel for Defendant Booz Allen Hamilton Inc. and Non-Parties Robin Shaffert and Deborah Sherman*

63781451_2