IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CARLA CALOBRISI,

Plaintiff,

v. Case No. 1:14cv996 (TRJ/MSN)

BOOZ ALLEN HAMILTON INC.,

Defendant.

**MEMORANDUM IN SUPPORT OF DEFENDANT BOOZ ALLEN HAMILTON INC.'S BILL OF COSTS**

Defendant Booz Allen Hamilton Inc. ("Booz Allen"), by counsel, submits this Memorandum in Support of its Bill of Costs.

## I. FACTUAL BACKGROUND

Plaintiff filed her Complaint on May 31, 2013, in the District of Columbia Superior Court alleging gender and age discrimination and retaliation in violation of the District of Columbia Human Rights Act ("DCHRA") (Counts I, III, V), Title VII of the Civil Rights Act, (Counts II, VI), and the Age Discrimination in Employment Act ("ADEA") (Counts IV, VII). Booz Allen removed the case to the United States District Court for the District of Columbia on June 24, 2013. On July 1, 2013, Booz Allen moved to dismiss Plaintiff's DCHRA claims and to transfer Plaintiff's remaining ADEA claims to the United States District Court for the Eastern District of Virginia. The United States District Court for the District of Columbia dismissed Plaintiff's DCHRA claims with prejudice and transferred the remaining claims to this Court.

The parties engaged in extensive discovery including written discovery, and Plaintiff took 16 depositions and Booz Allen took 8 depositions. As the record is devoid of any evidence to

support Plaintiff's claims of discrimination and retaliation, and because discovery revealed no disputed issue of material fact, on January 23, 2015, Booz Allen moved for summary judgment on Plaintiff's discrimination and retaliation claims and sought dismissal of the Complaint with prejudice. On March 24, 2015, this Court granted summary judgment in favor of Booz Allen.

As a prevailing party, Booz Allen is entitled to costs as a matter of course under Federal Rule of Civil Procedure 54(d)(1). The Affidavit of Stephen W. Robinson in Support of Defendant's Bill of Costs has been simultaneously filed herewith along with Defendant's Bill of Costs and supporting information and invoices.

## II. STATEMENT OF THE LAW

Federal Rule 54(d)(1) provides that "[un]less a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The United States Code further provides that costs may include "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," "fees and disbursements for printing and witnesses" and "fees for exemplification and copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920 (2012).[1]

Courts have routinely held that costs shall be allowed "as of course to the prevailing party." See, e.g., P.R. Chunk, Inc. v. Martin Marietta Materials, Inc., 170 Fed. App'x. 288, 291 (4th Cir. 2006); Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999); Constantino

[1] Those costs which may be taxed are listed in 28 U.S.C. § 1920, as follows: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

v. Am. S/T Achilles, 580 F.2d 121, 123 (4th Cir. 1978). The United States Court of Appeals for the Fourth Circuit has held that Rule 54 of the Federal Rules of Civil Procedure "creates the presumption that costs are to be awarded to the prevailing party." Cherry, 186 F.3d at 446 (citing Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981) and Teague v. Bakker, 35 F.3d 978, 995-96 (4th Cir. 1994)).

## III. ARGUMENT

### A. Deposition Costs and Witness Fees

This Court may award "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "fees and disbursements for printing and witnesses." 28 U.S.C. § 1920(2) and (3). Although the statute does not specifically mention depositions, it is well established that depositions are included within the phrase "printed or electronically recorded transcript" as used in § 1920 permitting taxing of costs. See, e.g., EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000); Cherry, 186 F.3d at 448. In Cherry v. Champion International Corp., the Fourth Circuit recognized only five circumstances which would justify denial of costs to a prevailing party: (1) misconduct by the prevailing party worthy of penalty; (2) the inability of the losing party to pay costs; (3) the excessiveness of the costs; (4) the limited value of a prevailing party's victory; and (5) the closeness or difficulty of the issues decided. See Cherry, 186 F.3d at 446 (citations omitted). In the present matter, however, none of these five factors justifies denial of costs.

"A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). "[I]n order for the deposition to be necessary, it needs only to be 'relevant and material' for the preparation in the litigation." Signature Flight Support Corp. v.

Landow Aviation L.P., 730 F. Supp. 2d 513, 531 (E.D. Va. 2010), aff'd, 442 Fed. App'x. 776 (4th Cir. 2011); see also Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 562 (E.D. Va. 2010).

Costs for expedited production are allowable when the recovering party can show necessity for the expedited service. See Ferris v. AAF-McQuay, Inc., No. 5:06cv00082, 2008 U.S. Dist. LEXIS 13591, at *3 (W.D. Va. Feb. 21, 2008). For example, courts in this Circuit allow reimbursement for expedited deposition transcripts when the dispositive motion deadline is a concern. For example, in Jafari v. Old Dominion Transit Management Company, this Court found that costs for expedited transcripts were recoverable "because of the close proximity between when Plaintiff was deposed and the deadline for the submission of a motion for summary judgment." No. 3:08-CV-629, 2014 U.S. Dist. LEXIS 3242, at *5 (E.D. Va. Jan. 10, 2014) (less than two weeks between the plaintiff's deposition and the deadline to file summary judgment). Similarly, in McAirlaids v. Kimberly-Clark Corp., the U.S. District Court for the Western District of Virginia awarded costs for expedited deposition transcripts when the depositions occurred "a little over one month" before defendant's summary judgment brief was due. McAirlaids, Inc. v. Kimberly-Clark Corp., No. 7:12-cv-00578, 2014 U.S. Dist. LEXIS 16398, at *30 (W.D. Va. Jan. 14, 2014); see also Nigro v. Va. Commonwealth Univ. Med. College of Va., 5:09-CV-0064, 2012 U.S. Dist. LEXIS 156184, at *5-6 (W.D. Va. Oct. 31, 2012) (allowing expedited transcript costs when the depositions took place approximately two weeks before the summary judgment deadline); Mann v. Heckler & Koch Def., Inc., No. 1:08cv611, 2011 U.S. Dist. LEXIS 46045, at *12-13 (E.D. Va. Apr. 28, 2011) (allowing expedited transcript costs for depositions taken two weeks before dispositive motion deadline).

In preparing its defense and moving for summary judgment, Booz Allen incurred court reporter and transcript costs for the depositions used and relied upon by Booz Allen in preparing

its summary judgment pleadings, and/or in preparing its defense. As detailed below, due to the proximity between the depositions and the briefing and hearing schedule in this action, reimbursement for deposition costs, including expedited service, is warranted for several of the depositions which are categorized below.[2]

First, while the case was pending in the District Court of the District of Columbia, the Court ordered limited jurisdictional discovery, and allowed less than 60 days for the discovery, including written discovery. The following depositions required expedited processing because they were conducted during the compressed jurisdictional discovery schedule. Specifically, Plaintiff filed a Motion to Compel on February 6, 2014 seeking to compel deposition testimony from the following witnesses based upon topics discussed in their depositions. As a result, Defendant had to obtain expedited transcripts to respond to Plaintiff's allegations in her Motion to Compel.

| | **Regular** | **Expedited** |
|---|---|---|
| William S. Meyers (1/31/14) (USDC DC) | $ 407.10 | 614.10 |
| Robert Stephen Osborne (1/31/14) (USDC DC) | $ 297.95 | 449.45 |
| CG Appleby (1/31/14) (USDC DC) | $ 286.85 | 411.35 |

Second, Plaintiff filed a Motion to Compel in this Court on December 5, 2014 and set a hearing on the same for December 12, 2014 seeking additional discovery from potential "me too" witnesses, including Joan Hyde and Elizabeth Ewart. At this time, the discovery cut off (which the Honorable T. Rawles Jones had already extended by a week) was December 19, 2014. Ms. Hyde and Ms. Ewart were subsequently deposed December 10, 2014. Given that their deposition testimony was necessary to prepare for and respond to Plaintiff's arguments contained in her Motion to Compel, expedited processing of both transcripts was necessary:

---

2 Of the 18 depositions Plaintiff noticed, 16 witnesses were deposed. Booz Allen had no choice but to attend these depositions and obtain copies of the transcripts.

| | Regular | Expedited |
|---|---|---|
| Joan J. Hyde (12/10/14) | $ 402.50 | 684.25 |
| Elizabeth Ewart (12/10/14) | $ 472.25 | 758.90 |

Similarly, Booz Allen had to seek expedited processing of Mr. Appleby's December 9, 2014 deposition because Plaintiff filed a Motion to Compel additional testimony from Mr. Appleby on December 12, 2014 and noticed it for hearing on December 19, 2014. As a result, Defendant needed to obtain the transcript in time to fully respond to Plaintiff's motion:

| | Regular | Expedited |
|---|---|---|
| CG Appleby (12/9/14) | $ 490.05 | 831.60 |

Fourth, defense counsel had to have expedited processing of the following depositions in order to receive the transcripts and exhibits prior to the Final Pretrial Conference and Plaintiff's deposition, as well as to prepare for briefing and hearings related to Plaintiff's motions for additional discovery and an extension of the discovery period, originally scheduled to close on December 12, 2014:

| | Regular | Expedited |
|---|---|---|
| Nesly Y. Hneich, M.D. (12/9/14) | $ 404.75 | 684.05 |
| William S. Meyers (12/11/14) | $ 797.90 | 1439.80 |
| Jennifer Gleich (12/12/14) | $ 385.80 | 701.85 |
| William S. Meyers -30(b)(6) (12/15/14) | $ 577.60 | 1253.10 |
| Marek Kaszubski (12/16/14) | $ 493.50 | 1057.50 |
| Joel Morse, Ph.D. (12/16/14) | $ 259.00 | 555.00 |
| Judith Montville-White (12/16/14) | $ 357.25 | 697.25 |
| Douglas Manya (12/18/14) | $ 612.00 | 1329.50 |

Fifth, Booz Allen had to seek expedited processing of Plaintiff's December 19th deposition, not only to prepare for the upcoming Summary Judgment briefing schedule, but also to allow defense counsel to respond to Plaintiff's Motion to Compel additional depositions (which was heard on December 30, 2014) and as further evidence in support of Booz Allen's Rule 72 Objection (which was originally scheduled for January 16, 2015):

| | Regular | Expedited |
|---|---|---|
| Carla Calobrisi (12/19/14) | $ 1518.25 | 3194.25 |

Sixth, the following depositions required expedited processing as they were needed for Defendant's Motion for Summary Judgment and all occurred less than two weeks before the Court's January 23, 2015 deadline for dispositive motions:

| | Regular | Expedited |
|---|---|---|
| CG Appleby (1/8/15) | $ 302.30 | 631.30 |
| Catherine Nelson (1/20/15) | $ 252.15 | 521.65 |
| Robert Osborne (1/21/15) | $ 472.00 | 1032.00 |

Lastly, the following depositions took place after Defendant filed its Motion for Summary Judgment and expedited processing was required in order for it to file its Reply Brief in Support of Summary Judgment, due February 16, 2015:

| | Regular | Expedited |
|---|---|---|
| Deborah Sherman (2/3/15) | $ 287.50 | 658.75 |
| Robin Shaffert (2/4/15) | $ 228.55 | 470.05 |

In addition to the above depositions, Booz Allen also seeks the costs associated with the following depositions, none of which required expedited processing. As such, Defendant is not seeking costs related to expedited processing on the following deposition transcripts:

| | Regular | Expedited |
|---|---|---|
| Carla Calobrisi (2/6/14) (USDC DC) | $ 329.50 | N/A |
| Betty Thompson (12/8/14) | $ 467.50 | N/A |
| Molly Finn (12/22/14) | $ 424.80 | N/A |
| Diane Merolla (1/21/15) | $ 210.85 | N/A |
| **Total** | **$10,707.90** | **19,898.40** |

Accordingly, Booz Allen requests taxation of costs in this category in the amount of $19,898.40. See Francisco v. Verizon S., Inc., 272 F.R.D. 436, 444 (E.D. Va. 2011) (permitting recovery of expedited processing costs for deposition transcripts in order for defendant to draft brief and prepare for a hearing related to topics and issues arising out of deposition testimony).

Additionally, Booz Allen seeks the $503.42 incurred in travel costs for its in-house attorney to attend Deborah Sherman's deposition.[3] See Exhibit A.

Furthermore, pursuant to 28 USC §§ 1920(3) and (6), Booz Allen is entitled to reimbursement of the statutorily mandated witness attendance fees provided to Joel N. Morse, Ph.D., Elizabeth Ewart, Marek Kaszubski, Judith Montville-White, Nesly Hneich, M.D., and Joan Hyde for attendance at depositions. Witness fees totaling $351.67 were submitted to the witnesses pursuant to 28 U.S.C. § 1821. See Exhibit A.

Thus, in total, Booz Allen moves the Court to tax a total of $20,753.49 for deposition costs and witness fees. See Exhibit A.

**B. Court Reporter Fees**

Under 28 U.S.C. § 1920, taxable costs may include "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Dang v. M-I Holdings, L.L.C., No. 02-3667, 2004 U.S. Dist. LEXIS 17915, at *9 (E.D. La. Sept. 7, 2004); see also Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 666 (M.D. Ala. 1999), aff'd, 184 F.3d 825 (11th Cir. 1999). As these costs are included within the costs that may be assessed under 28 U.S.C. § 1920, as noted earlier in Section III.A., Plaintiff should be assessed with court reporter fees of $3,081.40. See Exhibit A.

**C. Copying Costs**

Copying costs are another item of costs that may be assessed against Plaintiff in this case. See 28 U.S.C. § 1920(4). Pursuant to 28 USC § 1920(4), Booz Allen is entitled to "fees for exemplification and copies of papers necessarily obtained for use in the case." In the instant case, Booz Allen had to incur copy expenses related to the copies of trial exhibits and copies the

[3] Plaintiff's counsel also attended the deposition in person. Booz Allen's outside counsel attended the deposition telephonically.

pleadings associated with its summary judgment filings. In These copies were necessary under the local rules and orders of this Court. As these costs are included within the costs that may be assessed under 28 U.S.C. § 1920, Plaintiff should be assessed with copying costs of $2,198.25.

**D. Fees of the Clerk and Service of Summons.**

Section 1920 provides for the recovery of "fees of the clerk and marshal." See 28 U.S.C § 1920(1). As stated above, Plaintiff originally filed her Complaint on May 31, 2013, in the District of Columbia Superior Court. Upon removing the case to the United States District Court for the District of Columbia on June 24, 2013, Booz Allen was required to pay the $400.00 filing fee to the Clerk. Accordingly, Booz Allen is entitled to recover the $400.00 filing fee paid to the U.S. District Court for the District of Columbia.

In addition, Booz Allen incurred costs associated with service of subpoenas. Since the enactment of § 1920(1) "the method of serving civil summonses and subpoenas has changed. In most cases, the party must employ a private process server." Landry v. St. James Parish Sch. Bd., No. 99-1438, 2000 U.S. Dist. LEXIS 17260, at *3 (E.D. La. Nov. 22, 2000), aff'd, 260 F.3d 621 (5th Cir. 2001). "Fees for private process servers have therefore been allowed as costs." Id.; see also Mann v. Heckler & Koch Def., Inc., No. 1:08cv611, 2011 U.S. Dist. LEXIS 46045 (E.D. Va. Apr. 28, 2011); O'Bryhim v. Reliance Standard Life Ins. Co., 997 F. Supp. 728, 738 (E.D. Va. 1998) (holding that costs incurred for a private process server are allowable as costs under 28 U.S.C. § 1920). But see Cofield v. Crumpler, 179 F.R.D. 510, 515 (E.D. Va. 1998) (holding that fees for the service of summons and subpoenas are not taxable where a private process server is used to deliver the summons or subpoenas). Process servers were necessary to: (1) serve subpoenas for deposition on Elizabeth Ewart, Joan Hyde, Judith Montville-White, Nesly Hneich, M.D., Joel N. Morse, Ph.D., and Marek Kazubski and (2) serve subpoenas *duces tecum*

on Plaintiff's potential employers and healthcare providers, including Real Estate Counselors, Calobrisi & Associates, Major Linsdey & Africa LLC, and the Bortstein Legal Group. Accordingly, as set forth in Defendant Booz Allen's Bill of Costs, Booz Allen seeks to recover $2,018.26 for process server charges.

## IV. CONCLUSION

Based on the foregoing, Booz Allen requests this Court enter an Order awarding Booz Allen the costs described above and in the attached Bill of Costs totaling $28,541.40. Additionally, Booz Allen seeks post-judgment interest on any award of costs pursuant to 28 U.S.C. § 1961 and that the Court grant Booz Allen such other and further relief as it deems appropriate.

BOOZ ALLEN HAMILTON INC.

By Counsel

/s/

Stephen W. Robinson (Va. Bar No. 15337)
Melissa L. Taylormoore (Va. Bar No. 75506)
Sarah A. Belger (Va. Bar No. 67947)
*Counsel for Defendant Booz Allen Hamilton Inc.*
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
sbelger@mcguirewoods.com
srobinson@mcguirewoods.com
mtaylormoore@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd of April, 2015, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to the parties listed below:

John R. Ates (VSB #71697)
Ates Law Firm, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
703-647-7501 (T)
703-229-6430 (F)
j.ates@ateslaw.com
*Counsel for Plaintiff*

I also certify that a true copy of the foregoing will be served via electronic mail and first class mail upon the following non-filing user:

Linda M. Correia (admitted *pro hac vice*)
Correia & Puth, PLLC
1775 K Street, N.W., Suite 600
Washington, D.C. 20006
202-349-1044 (Direct)
202-602-6501 (F)
202-602-6500 (T)
lcorreia@correiaputh.com
*Counsel for Plaintiff*

/s/
Stephen W. Robinson (VSB #15337)
*Counsel for Defendant Booz Allen Hamilton Inc.*
MCGUIREWOODS LLP
1750 Tysons Blvd., Suite 1800
Tysons Corner, VA 22102
Telephone: (703) 712-5469
Facsimile: (703) 712-5258
srobinson@mcguirewoods.com

65780483_3