UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| CARLA CALOBRISI <br>                Plaintiff, <br><br>     v. <br><br> BOOZ ALLEN HAMILTON INC., <br>                Defendant. | ) <br> ) <br> ) <br> ) <br> )    Case No. 1:14-cv-00996-AJT-MSN <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S BILL OF COSTS**
**AND REQUEST FOR STAY OF ANY PAYMENT AWARDED**

Plaintiff Carla Calobrisi, by counsel and pursuant to Local Rule 54(D)(2), submits this

Motion and Memorandum in Opposition to Defendant's Bill of Costs. (ECF No. 301.) In its

Motion, Defendant Booz Allen Hamilton, Inc. ("Booz Allen" or "Defendant") seeks costs for:

(A) deposition costs and witness fees; (B) court reporter fees; (C) copying costs; and (D) fees of

the Clerk and service of summons. Defendant asserts in its motion that "counsel for Booz Allen

made a good-faith effort to contact Plaintiff's counsel in order to explore the possibility of

reducing the areas of disagreement" (ECF No. 301), but no such effort was made. Plaintiff

opposes Defendant's bill of costs in its entirety on the grounds that Ms. Calobrisi is unable to pay

and because certain costs sought are not properly taxable, specifically: (1) expedited deposition

costs; (2) court reporter fees; and (3) service of summons costs.  In short, Defendant seeks total

costs of $28,541.40 and Plaintiff objects to $13,807.16 of those total costs, but also asserts she

cannot pay an award of costs of even the reduced amount.

Additionally, Plaintiff requests that this Court stay payment of any costs it may award to

Defendant pending resolution of Plaintiff's appeal to the Fourth Circuit. Plaintiff's request is

reasonable, consistent with the directives of Fed. R. Civ. Pro. 54(d)(1), and in the interest of

judicial economy. *See Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*, 2013 U.S. Dist. LEXIS 42300,

5-7, 2013 WL 1192947 (E.D. Va. Mar. 21, 2013); *McAirlaids, Inc. v. Kimberly-Clark Corp.*,

2014 U.S. Dist. LEXIS 16398, 21-23 (W.D. Va. Jan. 14, 2014) *Singleton v. Dep't of Corr. Educ.*,

No. 1:03-cv-00004, 2003 U.S. Dist. LEXIS 17834, (W.D. Va. Oct. 3, 2003) (collecting cases).

## I.      Legal Standard for Taxation of Costs

A prevailing party may recover costs, other than attorneys' fees, under Fed. R. Civ. P.

54(d)(1); however, "this rule does not give the district court unrestrained discretion to tax costs

to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his

case." *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964); *Hinton v. Trans Union,*

*LLC*, 2009 U.S. Dist. LEXIS 132406, *3 (E.D. Va. Sept. 2, 2009); *Cofield v. Crumpler*, 179

F.R.D. 510, 514 (E.D. Va. 1998). Instead, the court may tax only those costs authorized by

statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The general

taxation of costs statute, 28 U.S.C. § 1920, provides six categories of costs that may be taxed: (1)

clerk and marshal fees, (2) transcript fees, (3) printing and witness fees, (4) copying fees, (5)

docket fees under 28 U.S.C. § 1923, and (6) compensation of court appointed experts,

interpreters, and special interpretation services. *See* 28 U.S.C. § 1920.

"The prevailing party 'bears the burden of showing that the requested costs are allowable

under § 1920.'" *Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*, 2013 U.S. Dist. LEXIS 42300, *3-4

(E.D. Va. Mar. 21, 2013) (quoting *Francisco v. Verizon S., Inc.*, 272 F.R.D. 436, 441 (E.D. Va.

2011). Once the prevailing party has met this burden, the burden shifts to the non-prevailing

party to identify any improprieties. *Amdocs*, 2013 U.S. Dist. LEXIS 42300, *3-4. Costs should

be denied to the prevailing party where the losing party is incapable of paying, the prevailing

party engaged in misconduct worthy of a penalty, or the party was excessive in incurring costs,

among other things. *See Amdocs*, 2013 U.S. Dist. LEXIS 42300, *5. Costs may be denied to the prevailing party when there would be an element of injustice in any presumptive cost award. *Id.*

**II.     Plaintiff is Incapable of Paying Defendant's Bill of Costs (Even Those Non-Objectionable Items) and The Bill of Costs Should Therefore Be Denied**

Plaintiff does not have the financial means to pay for Defendant's Bill of Costs, which seeks reimbursement of $28,541.40. In 2014, Plaintiff's total earnings were approximately $37,000. (*See* ECF No. 281-13, n.1.) Ms. Calobrisi's earnings are roughly on track to be the same or similar to last year and she does not expect any significant increases to her income in the foreseeable future. *See* Ex. 1, Declaration of Carla Calobrisi. A court should deny costs to a prevailing party where the losing party is incapable of paying. *See Amdocs*, 2013 U.S. Dist. LEXIS 42300, *5. *Moore v. SouthTrust Corp.*, 392 F. Supp. 2d 724, 731 (E.D. Va. 2005). Plaintiff has shown that she is incapable of paying even a reduced award after consideration of the reductions below, and, accordingly, Defendant's Bill of Costs should be denied.

**III.    Additionally, Plaintiff Opposes Certain Costs**

Plaintiff also opposes Defendant's (1) expedited deposition costs; (2) court reporter fees; and (3) service of summons costs.  Plaintiff does not contest that costs for witness fees ($351.67), copying costs ($2,198.25), or fees of the Clerk ($400) are taxable under Section 1920; Defendant seeks total costs of $28,541.40 and Plaintiff objects to $13,807.16 of those total costs, though she cannot pay even the reduced amount.

**A. Defendant's Request for Expedited Deposition Costs Should be Denied**

Defendant routinely requested expedited deposition transcripts for no other reason than its own convenience, which is improper and not taxable. Plaintiff objects to the costs for some of

3

the expedited deposition transcripts ($8,707.50).[1] Defendant's Bill of Costs includes costs for rough drafts of deposition transcripts and fees for expediting transcripts with no justification provided. These costs are not recoverable.

Courts in this District and elsewhere have routinely denied the recovery of costs for rough and expedited transcript fees on the grounds that such costs are not "reasonably necessary" but, instead, are incurred for the "convenience of counsel." *See e.g. Nobel Biocare USA, LLC v. Technique D'Usinage Sinlab, Inc.*, 2013 U.S. Dist. LEXIS 30851, *5 (E.D. Va. Mar. 4, 2013) ("Taxing fees for the expedited production of transcripts is not allowed absent a showing of necessity"); *Cofield v. Crumpler*, 179 F.R.D. 510, 517-518, n.7 (E.D. Va. 1998) (Court found that the "clerk correctly disallowed $ 2.43 per page of deposition transcript for expedited delivery fees."); *Monsanto Co. v. Bayer Cropscience,* 2007 U.S. Dist. LEXIS 27156 at *9-10 (E.D. Mo. 2007) (denying recovery of costs associated with rough transcripts as "luxury items"); *Maurice Mitchell Innovations v. Intel Corp.*, 491 F. Supp. 2d 684, 688 (E.D. Tex. 2007) (Defendant not entitled to recover "incidental" costs for expedited delivery charges); *Gezellen v. Owens-Illinois,* 2008 U.S. Dist. LEXIS 27219 (N.D. Ohio 2008) (denying cost of rough disks on grounds that such costs are not necessary but, rather, reflect choices made by counsel for its convenience); *Irwin Seating Co. v. IBM*, 2008 U.S. Dist. LEXIS 33760 (W.D. Mich. 2008) (disallowing costs for expedited transcripts and rough drafts as "extra charges" incurred "for the convenience of counsel"); *Eli Lilly & Co. v. Zenith Goldline Pharmaceuticals, Inc.*, 264 F.Supp.2d 753, 780 (S.D. Ind. 2003) (disallowing costs of extra services such as expedited delivery and rough drafts).

---

[1]     The invoices submitted by Defendant do not reflect the costs for regular transcripts. *See* ECF No. 301-2 at 52-93.

4

Like the cases cited above, the $8,707.50 in extra charges that defense counsel incurred for rough and expedited transcripts was not reasonably necessary in this case. Defendant produced documents in this case in a piecemeal manner – on 18 separate occasions – beginning September 29, 2014, with its final production on the close of document discovery, December 19, 2014. At times, Defendant's production was in response to a court order, but at other times with no justification for the delay. In fact, Plaintiff had to file at least 11 motions in order to obtain even the most basic discovery in this case. (*See e.g.* ECF Nos. 15, 86, 109, 112, 155, 167, 180, 189, 193, 194, and 219.) Defendant's piecemeal production and general delay throughout discovery often necessitated Plaintiff's motion practice, which the Honorable T. Rawles Jones observed repeatedly at various court hearings. Moreover, even if the deposition costs for expedited transcripts were warranted, which they are not, they were incurred by Defendant as a result of Defendant's own inappropriate conduct throughout discovery. Plaintiff should not be required to bear the costs of deposition transcripts that were expedited due to Defendant's own delay and misconduct. Plaintiff rebuts Defendant's alleged justification for each expedited transcript below.

       *1.   The February 6, 2014 Motion to Compel*[2]

Defendant ordered expedited deposition transcripts for Messrs. Meyers, Osborne, and Appleby in order to oppose Plaintiff's Motion to Compel.  In this instance, Plaintiff does not oppose the costs for expedited deposition transcripts ($483.00).

       *2.   The December 12, 2014 Hearing*

Defendant contends that it was forced to order expedited deposition transcripts for Mses.

---

[2]     For the Court's convenience, Plaintiff has set forth her arguments in numbered paragraphs to mirror Defendant's brief, which is unnumbered but references arguments as "First," "Second," and so on. (ECF No. 302 at 5-8.)

Hyde and Ewart in order to adequately defend against Plaintiff's motion to compel documents responsive to her Doc. Req. No. 8, which included assessments of thirteen other women who Plaintiff relied on as evidence of pretext. (*See* ECF No. 167.)  Plaintiff filed her motion on December 5, 2014. Defendant noticed the depositions of Mses. Hyde and Ewart on November 24, 2014, before Plaintiff filed her motion, and conducted the depositions on December 10, 2014, after Plaintiff filed her motion. Defendant did not cite to or rely on the deposition transcripts in its opposition to Plaintiff's motion. (*See* ECF No. 174.) Defendant now states that it had to order expedited transcripts of these depositions "to prepare for and respond to Plaintiff's arguments;" however, if Defendant had merely provided the responsive documents at the outset of discovery, there would have been no need for Plaintiff's motion. Plaintiff's motion did not compel Defendant's expedited request.  Plaintiff should not have to pay the costs associated with Defendant's own delay and refusal to produce documents. In fact, Judge Jones commented that "This is limited, tailored discovery with a request brought within the framework that I set up at earlier hearings. Plaintiff has come back with the showing that I said that they could make. And plaintiff is asking for limited information that is clearly relevant to the claims and defenses of the parties." (ECF No. 185, Dec. 12, 2014 Tr. 7:8-13.) At a later hearing, anticipating Plaintiff's motion for depositions of the other women, Judge Jones remarked, "I think in this instance the late discovery was not plaintiff's fault." (ECF No. 217, Dec. 19, 2014 Tr. 24:4-5.) Accordingly, Plaintiff should not have to pay the costs associated with Mses. Hyde and Ewart's expedited deposition transcripts since the costs were due to Defendant's own refusal to produce documents that were "clearly relevant to the claims and defenses of the parties." (*Id.*)

### 3. *The December 19, 2014 Hearing*

Similarly, Defendant asserts that an expedited copy of Mr. Appleby's deposition was

necessary because "Plaintiff filed a Motion to Compel additional testimony from Mr. Appleby." (ECF No. 302 at 6.)  Plaintiff's motion sought to overrule Defendant's unfounded objection (based on attorney-client privilege) during Mr. Appleby's December 9, 2014 deposition. (ECF No. 180.) The Court granted Plaintiff's motion. (ECF No. 213.) Plaintiff did not cite to the transcript of Mr. Appleby's deposition because it was wholly unnecessary to frame the issue. Plaintiff's counsel asked a question of Mr. Appleby that concerned an election meeting, and Defendant's counsel instructed Mr. Appleby not to answer on grounds that the information was attorney-client privileged. (*See* ECF No. 180.) The issue briefed by the parties was whether the meeting, and Ms. Calobrisi's role within that meeting, was attorney-client privileged (*see* ECF Nos. 180, 196) and the Court's finding relied on privilege – "The Court finds that the privilege was inappropriately asserted in a manner that foreclosed the opportunity for appropriate inquiry." (ECF No. 217, Dec. 19, 2014 Tr. 18:5-7.) There was no need for an expedited transcript, and even if there was, it was due to Defendant's own inappropriate conduct during Mr. Appleby's deposition. As such, Plaintiff should not be required to pay any costs associated with Defendant's inappropriate assertion of privilege during Mr. Appleby's deposition.

4.  *Final Pretrial Conference*

Defendant claims it needed to expedite the deposition transcripts of 8 different deponents[3] "prior to the Final Pretrial Conference," but it provides no reasoning as to why any of these deposition transcripts were necessary for the Final Pretrial Conference, which was held on December 18, 2014. (ECF Nos. 204-205.) Defendant further argues that these 8 expedited transcripts were necessary to "prepare for briefing and hearing related to Plaintiff's motions."

---

[3]     These eight deponents are Dr. Hneich, Mr. Meyers, Ms. Gleich, Mr. Meyers as 30(b)(6), Mr. Kaszubski, Dr. Morse, Dr. Montville-White, and Mr. Manya. (ECF No. 302 at 6.)

(ECF No. 302 at 6.) However, Plaintiff's motions dealt with Mr. Appleby's deposition (as set forth *supra* ¶ 4) and an extension of time to take Mr. Osborne and Ms. Finn's depositions. (ECF Nos. 193-194, 215.) Defendant fails to explain why it would need expedited deposition transcripts of 8 other individuals to oppose a motion to take Mr. Osborne and Ms. Finn's depositions. There is no nexus between the 8 expedited deposition transcripts and Plaintiff's motions to depose Mr. Osborne and Ms. Finn after the close of discovery. Accordingly, Plaintiff should not be required to pay any costs associated with the expedited transcripts of these 8 individuals since Defendant does not set forth any reason why they would need to be expedited, other than for its own convenience.

5. *Summary Judgment Briefing and the December 30, 2014 Hearing*

Plaintiff was deposed on December 19, 2014. Defendant asserts that it needed Plaintiff's deposition transcript on an expedited basis to prepare for its summary judgment brief, which was not due until January 23, 2015. A period of over one month is not sufficiently short a time period to justify expedited delivery of Plaintiff's deposition transcript. *See Mann v. Heckler & Koch Def., Inc.*, 2011 U.S. Dist. LEXIS 46045, *14 (E.D. Va. Apr. 28, 2011) (two or fewer weeks is sufficient justification). Apparently realizing this, Defendant provides an alternative justification for ordering Plaintiff's deposition transcript on an expedited basis – namely, that the transcript was necessary for Defendant to respond to Plaintiff's motion to compel additional depositions. (ECF No. 302 at 6.) However, as Judge Jones articulated at the hearing on the motion, "I have already found, in either the last hearing or the hearing before that, and I adhere to that finding, that the reason we are here on this, we all hope, last issue after the close of other discovery, is not plaintiff's and plaintiff's counsel's fault." (ECF No. 226, Dec. 30, 2014 Tr. 7:24-8:3.) Again, Plaintiff should not be forced to bear the costs associated with Defendant's misconduct during

discovery. *See Amdocs*, 2013 U.S. Dist. LEXIS 42300, *5. Plaintiff appropriately sought depositions of the other women and she relied on their testimony to support her argument on pretext. (*See* ECF Nos. 261, 276.) Defendant fails to explain how Ms. Calobrisi's deposition transcript had any nexus to its opposition to Plaintiff's motion for depositions of these other women. Moreover, even if there were a nexus, which there is not, the necessity of seeking those depositions was due to Defendant's misconduct and was not "plaintiff's and plaintiff's counsel's fault." (ECF No. 226, Dec. 30, 2014 Tr. 7:24-8:3.) For these reasons, Plaintiff should not be required to pay the costs for the expedited copy of Ms. Calobrisi's deposition.

### 6. *Summary Judgment Briefing*

Although the depositions of Messrs. Appleby and Osborne and Ms. Nelson were all taken within two weeks of the deadline for Defendant's summary judgment brief (which would be justification for expedited delivery under normal circumstances), those three depositions occurred late and after the close of discovery due to Defendant's own misconduct and delay during discovery. Plaintiff succeeded on the three motions about which Defendant complains and overcame Defendant's efforts to block the discovery.  As set forth above, Plaintiff had no choice but to move to reopen Mr. Appleby's deposition after Defendant's counsel inappropriately asserted privilege. As the Court concluded, the timing of her motion to depose other women (including Ms. Nelson) was not due to her own delay. Similarly, Plaintiff had to move to take Mr. Osborne's deposition after the close of discovery because Defendant initially refused to produce him in a timely manner until ordered by the Court. (ECF No. 217, Dec. 19, 2014 Tr. 4:20-8:11.) The delay in obtaining and scheduling these depositions was not Plaintiff's fault. (*See* ECF No. 226, Dec. 30, 2014 Tr. 7:24-8:3.) Plaintiff should not be required to bear the burden of paying for expedited delivery of these three depositions because these costs are due to

Defendant's own actions.

### 7. _Defendant's Summary Judgment Reply_

Finally, Defendant asserts that expedited transcripts of Mses. Sherman and Shaffert were necessary to enable it to file its reply brief. Ordinarily, that would be an appropriate justification for expedited delivery of deposition transcripts.[4] However, yet again, Judge Jones found it necessary to clarify the record, stating "plaintiff's counsel has done everything that was – I'll put it colloquially, everything that they reasonably could do to get these depositions [Sherman and Shaffert] taken in a timely fashion. It, unfortunately, bears repetition that in my view . . . the reason we find ourselves in this situation – the reasons, find their beginning in positions that defendant took earlier in discovery in this case." (ECF No. 269, Jan. 23, 2015 Tr. 18:12-20.) Plaintiff should not be penalized by having to pay the costs associated with Defendant's own dilatory tactics and as such, she should not have to pay the costs for the expedited deposition transcripts of Mses. Sherman and Shaffert.

In sum, Defendant has failed to show that any of these deposition transcripts were necessary on an expedited basis and thus, Plaintiff should not be required to pay those costs. _See Nobel Biocare_, 2013 U.S. Dist. LEXIS 30851 *5 (E.D. Va. Mar. 4, 2013) ("Taxing fees for the expedited production of transcripts is not allowed absent a showing of necessity").

### B. Defendant Seeks Excessive Court Reporter Fees

Defendant provides no justification for its request for Court Reporter fees other than to merely state that they are provided for under the statute. (ECF No. 302 at 8.) Defendant must also demonstrate that the requested costs are allowable under § 1920, rather than simply reciting

---

[4] Plaintiff does not object to the $503.42 in travel costs for Mr. Meyers to attend Ms. Sherman's deposition in New York. (_See_ ECF No. 302 at 8.)

the statutory provision. *See Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*, 2013 U.S. Dist. LEXIS

42300, \*3-4, \*7-9 (E.D. Va. Mar. 21, 2013) (sustaining objection to court reporter fees where

requesting party sought costs for each pre-trial hearing transcript where the case did not proceed

to trial and finding that the "transcripts were prepared solely for the convenience of counsel and

should not be taxed") (citing *Cost Guidelines* at 3). Defendant has failed to provide any

justification in this case and accordingly, Defendant's bill of costs for court reporter fees

($3,081.40) should be denied.

## C.  Costs for Service of Summons Should be Denied

Defendant's subpoena and process service costs are unreasonable and without

justification. Defendant relied on a private process server with no justification for doing so.

"Under the plain language of 28 U.S.C. § 1920(1), however, only those fees charged by the U.S.

Marshal in serving subpoenas may be taxed as costs." *Hinton v. Trans Union, LLC*, 2009 U.S.

Dist. LEXIS 132406, \*4-6 (E.D. Va. Sept. 2, 2009). "While some courts nevertheless have

allowed parties to recover the cost of using private process servers, courts in this district

generally have denied taxation of these costs because they fall outside of the statutory

allowance." *Hinton v. Trans Union, LLC*, 2009 U.S. Dist. LEXIS 132406, \*4-6 (E.D. Va. Sept.

2, 2009) (citing *Goldstein v. Costco Wholesale Corp.*, 2004 U.S. Dist. LEXIS 22041, at \*6-8

(E.D. Va. June 14, 2004) (finding § 1920(1) to not allow taxation of fees for private process

servers because 28 U.S.C. § 1921 specifies that *marshals* "shall routinely collect, and a court may

tax as costs, fees for . . . serving any writ, order or process in any case"); *D&B Countryside,*

*L.L.C. v. Newell (In re D&B Countryside, L.L.C.)*, 217 B.R. 72 (Bankr. E.D. Va. 1998); *Cofield*

*v. Crumpler*, 179 F.R.D. 510, 514-16 (E.D. Va. 1998). "Given the Supreme Court's clear

mandate in *Crawford Fitting* that § 1920 specifically enumerates the costs that may be awarded

to prevailing parties, taxing costs for the use of private process servers would inappropriately exceed the scope of the unambiguous statutory language." *Hinton v. Trans Union, LLC*, 2009 U.S. Dist. LEXIS 132406, *4-6 (E.D. Va. Sept. 2, 2009) (citing *Newell*, 217 B.R. at 77 ("To extrapolate that private process server fees can be recovered under § 1920(1) would do violence to the principals taught by the Supreme Court in *Crawford Fitting* . . . .").

Moreover, Defendant had subpoenas served on a "rush" basis, which added significantly more cost. Defendant has not met its burden of demonstrating that each of the expedited process service and delivery charges was reasonable and necessary, and these costs must be disallowed, since they were merely for the convenience of counsel and were not required or authorized. For these reasons, Defendant's bill of costs for serving rush subpoenas by a private process server ($2,018.26) should be denied.

**IV.    Any Cost Award Should Be Stayed Pending Resolution on Appeal**

Plaintiff requests the Court to stay payment of any costs it may award to Defendant pending resolution of Plaintiff's appeal to the Fourth Circuit.  A decision on appeal that effectively reverses or vacates the summary judgment order and returns the case to this Court would moot any cost award.  The request to stay any cost award pending resolution of the appeal is reasonable, consistent with the directives of Fed. R. Civ. Pro. 54(d)(1), and in the interest of judicial economy. *See Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*, 2013 U.S. Dist. LEXIS 42300, 5-7, 2013 WL 1192947 (E.D. Va. Mar. 21, 2013); *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 2014 U.S. Dist. LEXIS 16398, 21-23 (W.D. Va. Jan. 14, 2014) *Singleton v. Dep't of Corr. Educ.*, No. 1:03-cv-00004, 2003 U.S. Dist. LEXIS 17834, (W.D. Va. Oct. 3, 2003) (collecting cases).

**CONCLUSION**

For the foregoing reasons and any other reasons this Court deems just and proper,

12

Plaintiff respectfully requests that the Court to deny Defendant's Bill of Costs (ECF No. 301)

and alternatively stay payment of any costs it may award to Defendant pending resolution of

Plaintiff's appeal to the Fourth Circuit.

Respectfully Submitted,

  /s/ John R. Ates
John R. Ates, Esquire (VSB # 71697)
Ates Law Firm, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
(703) 647-7501 (telephone)
(703) 229-6430 (facsimile)
j.ates@ateslaw.com

  /s/ Linda M. Correia
Linda M. Correia
(*Admitted pro hac vice*)
Amber Trzinski Fox
(*Admitted pro hac vice*)
Correia & Puth, PLLC
1775 K Street, NW, Suite 600
Washington, D.C. 20006
Telephone: (202) 602-6500
Facsimile: (202) 602-6501
lcorreia@correiaputh.com
afox@correiaputh.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2015, I served the foregoing through the Court's electronic filing system to the following, which will then send a notification of such filing ("NEF") to counsel identified below:

Stephen W. Robinson
Sarah A. Belger
Melissa L. Taylormoore
McGuire Woods LLP
1750 Tysons Blvd., Suite 1800
Tysons Corner, VA 22102
srobinson@mcguirewoods.com
sbelger@mcguirewoods.com
mtaylormoore@mcguirewoods.com


Attorneys for Defendant



  _/s/ John R. Ates_____
John R. Ates, Esquire (VSB # 71697)
Ates Law Firm, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
(703) 647-7501 (telephone)
(703) 229-6430 (facsimile)
j.ates@ateslaw.com